## WILLIAM D. HOLBROOK *vs.* PRIESTLY YOUNG & wife.

A. let a shop to B., as tenant at will, who underlet it by a written lease to C. A. demanded the rent from C., and said that, unless he paid the rent to him and took a lease from him, he must leave. C. paid the rent to A. and took the new lease. *Held*, in an action by B. against C. for rent, that there had been a breach of the covenant for quiet enjoyment in the lease from B. to C., for which C. could recoup.

After the trial in the superior court of an action for rent in which the defendant sought to recoup damages for his eviction by a person claiming to be the true owner, the judge made a report of the case which did not raise any question of this person's title. *Held*, that objection to the want of proof of the title could not be made for the first time in this court.

CONTRACT by the assignee in bankruptcy of Jeremiah Swazey and Jasper Rawson, partners under the style of Swazey & Rawson, against Priestly Young and Abba L. Young, his wife, for the rent of a shop in Worcester. Trial in the superior court, before *Dewey*, J., who, after a verdict against both defendants, reported the case for the determination of this court, substantially as follows:

On December 30, 1867, Mary C. Fletcher, then and since the wife of Joel Fletcher, executed a written lease of two shops in Worcester to Bartholomew Haley, for the term of three years from April 1868, and on July 16, 1868, gave her written assent to his assignment of the lease to Swazey & Rawson, and he assigned it to them accordingly. On June 25, 1869, they executed

a written lease of one of the shops to Mrs. Young for the term of one year and nine months from July 1, 1869, at an annuaι rent of $450 payable quarterly, to which lease Mrs. Fletcher gave her written assent. Mrs. Young occupied the shop under this lease, and paid the rent due thereon up to January 1, 1870.

On March 9, 1870, Swazey & Rawson left the other shop; on March 16, proceedings in bankruptcy were commenced against them; and on March 26 they were adjudged bankrupt and the plaintiff was appointed their assignee. On March 9, the husband of Mrs. Fletcher, as her agent, went to the shop occupied by Mrs. Young, forbade the defendants to pay to any one but himself the rent then accruing, and said they must either pay for the shop the sum of $600 as rent from that time to April 1, 1871, or take a new lease of the shop from Mrs. Fletcher from April 1, 1870, at $450 a year, and pay her the quarter's rent to become due April 1, 1870, or leave the shop. The defendants, in consequence of this statement and in order to obtain a new lease, agreed to the demand, and on March 31, 1870, paid to Mrs. Fletcher $112.50, being the quarter's rent, and Mrs. Fletcher executed to Mrs. Young a written lease of the shop for one year from April 1, 1870. On July 1, 1870, the plaintiff demanded from the defendants the rent due on the lease to Mrs. Young from Swazey & Rawson, falling due on April 1, 1870, and stated that he would be satisfied to receive the rent due upon the apportionment of the quarter March 16, 1870, but the defendants refused payment.

" The defendants claimed a recoupment of damages and also oy way of set-off, and it was agreed that, if on the statements contained in the report the defendants were entitled to recoup or set-off, the amount of such damages was equal to the amount claimed in the declaration. Upon the foregoing evidence and statement of facts the defendants contended that the plaintiff was not entitled to recover; but the judge ruled that the plaintiff was entitled to recover against both the defendants for the rent from January 1, 1870, to April 1, 1870, with interest, and directed a verdict accordingly. If the ruling was right, judgment is to be entered on the verdict. If the plaintiff was entitled to recover for any portion of the amount claimed by him, then the verdict

is to be amended accordingly. If the plaintiff was not entitled to recover against Priestly Young, judgment is to be entered for him for costs. If the plaintiff was not entitled to recover against either defendant, or if the defendants were entitled to recoup, judgment is to be rendered for the defendants."

*G. F. Verry,* (*F. A. Gaskill* with him,) for the defendants.

*H. B. Staples,* (*F. P. Goulding* with him,) for the plaintiff.

WELLS, J. The lease of Mrs. Fletcher to Haley for three years, without the written assent of her husband, was void. Her permission for Haley to assign to Swazey & Rawson, and her assent to the lease of one of the stores by Swazey & Rawson to Mrs. Young, were equally ineffectual to create any estate in either, above that of a tenancy at will. So long as occupation was permitted to continue under the arrangements thus made, the provisions of those several instruments might be resorted to for the purpose of ascertaining the terms upon which such occupation was enjoyed. But they could not operate to affect the qualities of the estate itself, either as to tenure or transmission.

Swazey & Rawson then were tenants at will of Mrs. Fletcher, occupying a part of the premises themselves, and a part by their tenant Mrs. Young, with the consent of their landlord.

A tenant at will has no estate which he can convey, or out of which he can create an estate in another that will be of any avail against the owner of the land. He may make a lease and permit another to occupy a part or the whole of the premises; and such lease will be a valid contract between the parties. So long as the lessee is permitted to enjoy the advantages of such a lease, he cannot escape its obligations by a denial of the title of his landlord. But if evicted by a superior title, he will be released from payment of all rents that fall due after eviction; and against an action for rent due under the lease he may defend by way of recoupment, setting up any damages suffered by reason of the breach of the covenant for quiet enjoyment, or of any other covenant in the same instrument on the part of the lessor.

In this case the defence rests upon both grounds; and it is agreed that, if the defendants are entitled to recoup for breach of the covenant for quiet enjoyment, the amount of damages there-

for would equal the amount of rent claimed. Consequently, if either defence is maintained at all, it defeats the suit entirely.

It appears that on March 9 Swazey & Rawson vacated that part of the premises which was occupied by them personally, and on March 26 were adjudged bankrupt. During that interval Mrs. Fletcher, by her agent, entered and required the tenant, Mrs. Young, to attorn to her, which she did, and subsequently, but before the quarter had expired, viz., on March 31, paid the rent for that quarter to Mrs. Fletcher, and took from her a new lease for the remaining year of her original term.

These proceedings terminated the tenancy of Swazey & Rawson, and we are inclined to think they constituted a legal eviction of Mrs. Young. Her estate, whatever it was, depended upon that of her landlords, and fell with it. The assent of Mrs. Fletcher to her lease from Swazey & Rawson was an assent only to the creation by them of a subordinate estate, which the original lease did not permit. That assent is void for the purpose of creating an estate in Mrs. Young, if so intended ; and it could not be set up as an estoppel. It did not purport to create the relation of tenancy between Mrs. Young and Mrs. Fletcher, and that relation does not arise from any of the facts stated. There was no obligation of notice, therefore, in order to put an end to Mrs. Young's right of occupation after the tenancy of Swazey & Rawson ceased.

But if this were otherwise, if the tenancy of Swazey & Rawson, or of Mrs. Young, was not legally terminated before the rent became due, still, as against Mrs. Fletcher, it was a tenancy at will only, terminable in three months by notice, and immediately by lease to another party. There is no suggestion and no ground for inference that, in yielding to the demands of Mrs. Fletcher and accepting a lease from her, the defendant acted otherwise than reasonably and in good faith. She was not bound to wait until evicted, at the risk of being deprived of the use of the premises altogether. *George* v. *Putney,* 4 Cush. 351. A surrender or offer to surrender to her landlords would have been useless. She could not enjoy the premises for the full term under their lease, and she was not allowed to do so. The covenant for

quiet enjoyment therefore was not performed, and for its breach the defendants are entitled to recoup.

The title of Mrs. Fletcher does not appear to have been disputed at the trial. No question in regard to it is raised upon this report. Objection to the want of proof of her title cannot be made for the first time here.

*Judgment for the defendants.*