### ALFREDA B. ALDRICH, administratrix, *vs.* SPRINGFIELD, ATHOL AND NORTH EASTERN RAILROAD COMPANY.

Hampshire.     Sept. 25. — Oct 2, 1878.     AMES & SOULE, JJ., absent.

A judge of the Superior Court has no authority, under the Gen. Sts. *c.* 115, § 6, at the hearing of a motion for a new trial, to report for the determination of this court a question of law which might have been and was not raised before verdict.

At a trial in the Superior Court the plaintiff had a verdict, and the defendant alleged exceptions to a ruling of the judge upon a piece of evidence, and afterwards moved to set aside the verdict as against evidence and the weight of evidence. The judge, as he stated in his report, overruled this motion for the purpose of reporting the case to this court, and, after reciting the whole evidence as well as the particular exception, concluded his report as follows : " If upon the evidence the action cannot be maintained, or if the exception taken by the defendant is sustained, then the verdict is to be set aside ; otherwise, the verdict is to stand." *Held,* that the judge, not having been asked at the trial to rule upon the whole evidence, was not authorized to report to this court the question whether upon the whole evidence the action could be maintained ; and that the order overruling this motion should be set aside, and the motion stand for further hearing in the Superior Court.

GRAY, C. J. This is an action of tort by the administratrix of Nelson Aldrich, to recover for injuries sustained by him, while employed as a brakeman upon a passenger train on the defendant's railroad, by reason of the alleged negligence of the defendant in running that train by a flying switch over a side track, and in leaving a freight train on that track.

At the trial in the Superior Court, certain rules of the defendant's superintendent were introduced in evidence, by one of which " all passenger trains must come to a full stop at all stations before detaching any part of the train." No exception was taken to any ruling or instruction at the trial, until after the judge had finished his charge to the jury, when the plaintiff's counsel rose and said that these rules were evidence for the jury to consider upon the question of what the corporation considered a want of due care on its part. The judge answered, " Yes, if the corporation knew of the rules made by the superintendent and sanctioned them." To this answer the defendant objected and excepted, and the exception was reserved.

After verdict for the plaintiff, the defendant filed a motion to set it aside as against the evidence and the weight of evidence. This motion the judge, as he states in his report, " overruled for the purpose of reporting the case to the Supreme Judicial Court.'

The report recites all the evidence introduced at the trial, the exception above stated, the verdict, the motion to set it aside, the overruling of this motion as aforesaid, and concludes as follows: "If, upon the evidence, the action cannot be maintained, or if the exception taken by the defendant is sustained, then the verdict is to be set aside; otherwise, the verdict is to stand."

At the suggestion of the court, an argument has been had upon the question whether a judge of the Superior Court has authority, upon the hearing of a motion for a new trial, to report for the determination of this court a question of law which might have been and was not raised before the verdict. It is contended that he has such authority under the Gen. Sts. *c.* 115, § 6, which authorize him, at any time before judgment in a civil action, to set aside the verdict and grant a new trial, for any cause for which a new trial may by law be granted; or, after verdict, to report the case for determination by this court.

But this section, like that clause of the section next following, which provides that, on motions for a new trial, a party aggrieved by an opinion, ruling, direction or judgment of the court in matters of law, may allege exceptions thereto, is not intended to allow a party to present as matters of law, upon a motion for a new trial, all the matters of law which arose or might have arisen during the trial, and upon which no question of law was then made or reserved. A demurrer to evidence cannot be taken after verdict. If a case has been tried and a verdict rendered, under rulings and instructions in matter of law, not objected to, a motion for a new trial is addressed exclusively to the discretion of the presiding judge; and neither the party moving, nor the judge to whom the motion is made, can invoke the decision of this court upon any question involved in the exercise of that discretion, and which the party is not, at that stage of the case, entitled to present as a question of law. The presiding judge, therefore, not having been asked at the trial to rule upon the legal effect of the whole evidence, was not obliged or authorized to report the evidence for the purpose of raising such a question after verdict. *Lowell Gas Light Co.* v. *Bean*, 1 Allen, 274. *Phillips* v. *Soule*, 6 Allen, 150. *Jamaica Pond Aqueduct* v. *Chandler*, 9 Allen, 159, 166. *Whittaker* v. *West Boylston*, 97 Mass. 273. *McAllister* v. *Burrill*, 98 Mass. 334.

The learned judge appears not to have applied his judicial discretion to the decision of the motion for a new trial, but to have overruled that motion *pro forma*, and for the purpose of reporting to this court the question whether the action can be maintained, and by the terms of his report has made the decision of that question in the affirmative by this court essential to the maintenance of the verdict. As, for the reason already stated, this court has no jurisdiction to determine that question, justice requires that the order overruling that motion be set aside, and the motion stand for further hearing in the court below. The result of that hearing may render the narrower question of the effect of the rules immaterial, and the expression of any opinion upon this question is therefore reserved until the motion for a new trial shall have been

*Further heard in the Superior Court.*

.*D. W. Bond*, for the defendant.

*C. Delano*, for the plaintiff.