# COVENANTS—DAMAGES—LANDLORD AND TENANT—TAXA= TION.

[Hamilton (1st) Circuit Court, July 28, 1906.]

Jelke, Swing and Giffen, JJ.

## PATRICK J. McHUGH v. CATHERINE REGAN, ADMX.

1. RIGHTS OF SUBLESSEE TO QUIET ENJOYMENT AND PRIVILEGE OF PURCHASE.

A sublessee, with a privilege of purchase, who loses this privilege and is compelled to attorn to the owner, because of the failure of the lessee to renew the lease or exercise his own privilege of purchase, suffers a breach of the covenant for quiet enjoyment and is entitled to any damages he may have sustained by reason of eviction from his privilege, and such damages may be recovered on cross petition in an action by the sub-lessor to recover taxes not paid by such sublessee.

[For other cases in point, see 3 Cyc. Dig., "Covenants," §§ 209-213.—Ed.]

2. WAIVER OF FORFEITURE OF LEASE FOR NONPAYMENT OF TAXES.

The forfeiture of a lease for nonpayment of taxes on the leased premises by the lessee may be and is impliedly waived by the lessor by accepting and demanding the regular rent after such failure to pay taxes.

[For other cases in point, see 5 Cyc. Dig., "Landlord and Tenant," §§ 566-567; 7 Cyc. Dig., "Taxation," §§ 804-812.—Ed.]

ERROR to Hamilton common pleas court.

**C. J. Hunt** and **O. W. Bennett,** for plaintiff in error:

Nonpayment of taxes without formal demand by the lessor therefor does not work a forfeiture of the lessee's rights. *Eichenlaub* v. *Neil,* 6 Circ. Dec. 567 (10 R. 427-432).

The assertion by Whetstone of his paramount title at the termination of Regan's lease constituted an eviction of McHugh. 2 Am. & Eng. Enc. Law (2 ed.) 457; 8 Am. & Eng. Enc. Law (2 ed.) 108; 11 Am. & Eng. Law (2 ed.) 482; 16 Cyc. Law 820; *Cowdrey* v. *Coit,* 44 N. Y. 382 [4 Am. Rep. 690]; *Holbrook* v. *Young,* 108 Mass. 83; *Lane* v. *Fury,* 31 Ohio St. 574-578.

Liability of McHugh for rent, etc., was suspended during eviction. Wood, Landl. & Ten. (2 ed.) 1096; 18 Am. & Eng. Enc. Law (2 ed.) 296; *Adams* v. *Bigelow,* 128 Mass. 365.

Right of re-entry of Regan also suspended. Wood, Landlord & Tenant (2 ed.) 1096.

Recognition by McHugh of Whetstone's title not an attornment. *Corish* v. *Scarell,* 8 Barn. & Cr. 471, 476. 11 Am. & Eng. Enc. Law (2 ed.) 485.

Regan estate being unable to perform covenant to convey, no demand by McHugh was necessary before bringing suit. *McArthur* v. *Ladd,* 5 Ohio 514; *Lovelock* v. *Franklin,* 8 Q. B. R. 371.

McHugh v. Regan.

No tender by McHugh of purchase price necessary where Regan estate was unable to perform. *Williamson* v. *Moore,* 13 Dec. Re. 19 (2 Dis. 30) ; *North Western, I. & M. Co.* v. *Hirsch,* 94 Ill. App. 579 ; *Lowe* v. *Harwood,* 139 Mass. 133 [29 N. E. Rep. 538].

**F. M. Coppock,** for defendant in error.

GIFFEN, J.

The facts in this case, briefly stated, are as follows:

John L. Whetstone, the owner of certain real estate, leased the same to John Regan, now deceased, for a period of five years, from May 1, 1896, with the privilege of purchase during said period for $4,000. John Regan leased said property to P. J. McHugh for a period of ten years from May 1, 1897, with the privilege of purchase at any time during the continuance of the lease for the sum of $6,000.

John Regan failed to exercise his privilege of purchase during the term of his lease and failed to renew it at its expiration, and was therefore unable to carry out his agreement with McHugh. McHugh continued to pay rent to the plaintiff below, as administratrix of John Regan, deceased, until about November, 1901, several months after the lease from Whetstone to Regan had expired. About August 13, 1901, McHugh received notice from Mr. Whetstone's agent that Regan's lease had expired, and that he, McHugh, continued in the premises only with Whetstone's consent. And on November 1, 1901, he received a second notice from Whetstone's agent that all moneys for rental of the property must be paid to him, beginning on that date.

Mrs. Regan, the plaintiff below, demanded rent of McHugh on November 1, 1901, when he told her of the notice from Whetstone, and that thereafter he would pay rent to him, which he did at the rate of $35 per month. The rental under the lease from Regan to McHugh was at the rate of $25 per month, and the payment of all taxes upon the premises. McHugh failed to pay the taxes for the years 1899 and 1900, for the recovery of which this action was commenced.

McHugh, by way of cross petition, claims damages in the sum of $1,500 by reason of the loss of his privilege to purchase the premises for the sum of $6,000.

The case was tried before a jury, and at the conclusion of the evidence, the court, upon motion of the plaintiff, dismissed the cross petition and instructed the jury to return a verdict for the amount claimed in the petition, which is the error complained of.

It is plain that Regan could not perform the covenants of his lease, which was in the ordinary form, unless he exercised his right to purchase the premises prior to May 1, 1901, which he failed to do. The only al-

ternative left to McHugh, after that day, was to pay the rent to Whetstone upon his terms, or vacate the premises. This, of itself, was an eviction, and entitled McHugh to set off against the claim of the plaintiff for unpaid taxes any damages he sustained by reason of such eviction and the consequent loss of the right to purchase the premises at $6,000. In 11 Am. & Eng. Enc. of Law (2 ed.) 482, the law is stated as follows:

"It is not necessary that the tenant be actually and physically removed from, or should leave, the demised premises, for, in the absence of fraud or collusion on his part, he is evicted where he attorns to the holder of the paramount title and takes a new lease from him under pressure of a possessory writ or threats of expulsion."

In the case of *Holbrook* v. *Young*, 108 Mass. 83, the first proposition of the syllabus is as follows:

"A let a shop to B as tenant at will, who underlet it by a written lease to C. A demanded the rent from C, and said that unless he paid the rent to him and took a lease from him, he must leave. C paid the rent to A and took the new lease: *Held*, in an action by B against C for rent, that there had been a breach of the covenant for quiet enjoyment in the lease from B to C, for which C could recoup."

Substantially the same principle is announced in the case of *Lane* v. *Fury*, 31 Ohio St. 574. It is very clear, therefore, that McHugh, through no fault of his, was compelled to pay the rent to the real owner of the premises or quit the same. It is suggested, however, that prior to the expiration of the lease from Whetstone to Regan, that McHugh had failed to pay the taxes for which this suit is brought, and that thereby he had forfeited his lease.

There is no doubt that, under the terms of the lease, the same might have been foreclosed for such nonpayment, had the lessor so elected. Neither Regan nor his administratrix ever insisted upon a forfeiture, but, on the contrary, demanded and received the monthly rent from McHugh until about November 1, 1901, when he commenced paying rent to the owner, Whetstone. Every circumstance surrounding the transaction indicates that the forfeiture of the estate for nonpayment of taxes was waived. *Chaffee* v. *Foster*, 52 Ohio St. 358 [39 N. E. Rep. 947].

We are of opinion, therefore, that the defendant was entitled to have the issue raised by the cross petition submitted to the jury, and that the court erred in sustaining the motion of the plaintiff. Judgment reversed, and cause remanded for a new trial.

**Jelke** and **Swing, JJ.,** concur.