AUGUSTUS CASASSA & another *vs.* THOMAS P. SMITH.

Suffolk.   March 16, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Landlord and Tenant,* Landlord's liability to tenant, Covenant for quiet enjoyment.

If one, who has possession of certain premises by virtue of a lease from the owner, sublets a portion thereof by a lease containing an implied covenant for quiet enjoyment and thereafter, by reason of a failure on his part to keep the covenants contained in the lease from the owner to him, the owner brings ejectment proceedings in which by agreement a judgment is entered for the owner and an execution is issued and possession of the premises taken thereunder by an officer in behalf of the owner; and if thereafter the sublessor writes to the sublessee, "I have no claim for the rent . . . [of the premises] . . . and you can pay . . . to the present owner . . . ," the sublessee is not obliged, before he can maintain an action against the sublessor for breach of the covenant for quiet enjoyment, to wait for a technical eviction by the owner, but, upon the owner insisting that the sublessee must vacate the premises or else attorn to him on the owner's terms, he may so attorn and then may maintain his action against the sublessor for breach of the covenant.

KNOWLTON, C. J.   This is an action to recover damages for a breach of the covenant for quiet enjoyment contained in a lease. The lease was for five years from January 1, 1905, and covered the basement of a building which the lessor, the defendant, held under a prior lease from the owners.   The plaintiffs' lease was in a common form, and contained an implied covenant for quiet enjoyment.

Seemingly, the defendant failed to perform the conditions of the lease under which he held his title, and on October 28, 1905, the owners of the property brought an action of ejectment against him.   The writ was entered on November 4, 1905, the defendant appeared *pro se,* and an agreement was filed, signed by the defendant and by the plaintiffs' attorney, as follows: "In the above entitled action it is hereby agreed that judgment may be entered for the plaintiffs."   Judgment was entered accordingly, and on November 11 an execution was issued for possession of the leased property, upon which an officer returned that he put the plaintiffs in possession on the day of its date.   On December 1, 1905, the defendant gave the present plaintiffs a writing as follows: "I have no claim for the rent of No. 66 Federal St. from and after

Nov. 1, 1905, and you can pay from that date to the present owner of the building." The owners of the building, having established their paramount title against the defendant and having obtained possession under the execution, declined to recognize the lease of these plaintiffs, and the First National Bank, the successor in title of the owners, notified them that they must vacate the premises unless they attorned to it. Thereupon they yielded to its claim, and made an arrangement with the bank for occupation. *

At the trial in the Superior Court † a verdict was ordered for the defendant, and the question is whether there was any evidence on which the plaintiffs could recover.

It is plain that the defendant, through his failure to perform the conditions of the lease under which he held, and his allowing the owners of the property to recover a judgment for possession against him, failed to protect the plaintiffs' title as he impliedly agreed to do, and subjected the plaintiffs to eviction by the holder of the paramount title. The plaintiffs were not obliged to wait for a technical eviction by the owner, but might

---

* This arrangement was by means of an agreement in writing and under seal dated April 26, 1906, which was in evidence and marked Exhibit 4, and which, after reciting that the plaintiffs were occupying the premises "under claim of lease from" the defendant, the validity of which lease the bank denied, continued:

"Now therefore, it is hereby mutually agreed as follows : —

"First. Said Casassa Brothers hereby surrender and discharge said lease of said Thomas P. Smith as far as the First National Bank is concerned and without prejudice to any rights against T. P. Smith, and the said First National Bank agrees that said Casassa Brothers may occupy the premises . . . from May 1, 1906, to December 31, 1906, free of all rent, provided the said Bank shall not be required to furnish heat during any part of said term, and provided that said Bank shall not be required to make any alterations or repairs, whether in case of fire or otherwise, during said term.

"Second. Said Casassa Brothers agree that they will vacate and deliver up said premises on or before December 31, 1906."

† Before *Brown*, J. At the close of the evidence, the case was submitted to the jury for the assessment of damages only. The damages having been assessed at $4,140, the presiding judge ordered a verdict for the defendant and reported the case to this court with a stipulation that, if the ruling ordering the verdict for the defendant was wrong, judgment should be entered for the plaintiffs for $4,140, and if the ruling was right, judgment should be entered for the defendant on the verdict.

attorn to it and look to the defendant for damages. Notwithstanding the making of the agreement marked Exhibit 4, and the recital contained in it, there was evidence warranting a finding that the plaintiffs did so attorn. Upon both branches of the case the authorities well sustain the plaintiffs' contention. *George* v. *Putney,* 4 Cush. 351. *Holbrook* v. *Young,* 108 Mass. 83. *King* v. *Bird,* 148 Mass. 572. *Duncklee* v. *Webber,* 151 Mass. 408. *Appleton* v. *Ames,* 150 Mass. 34. *Royce* v. *Guggenheim,* 106 Mass. 201. *Mack* v. *Patchin,* 42 N. Y. 167.

The decision in *Mellor* v. *Watkins,* L. R. 9 Q. B. 400, relied on by the defendant, has no application to the facts of this case.

*Judgment for the plaintiffs.*

*D. V. McIsaac,* for the plaintiffs.
*A. P. Teele,* for the defendant.