FRANCESCO AGUGLIA *vs.* LUIGIA CAVICCHIA.

Suffolk.    November 15, 1917. — January 12, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Eviction, Quiet enjoyment. *Pleading, Civil,* Declaration: matter of inducement. *Unlawful Interference.*

In an action by the lessee under a lease in writing of a building containing a store and four family suites, against his lessor for an alleged eviction, the plaintiff offered to prove that while the lease was in force the defendant had given notice in writing to all the subtenants in the building not to pay rent to the plaintiff and had collected a month's rent from one of the subtenants, receipting for it in the defendant's own name, that the defendant "procurred" the subtenants "to attorn to" the defendant "as their landlord" and that the plaintiff, learn-

ing of this, wrote to the defendant and "removed from the suite which he occupied and surrendered the lease to the defendant." *Held*, that the evidence offered would not warrant a finding that the defendant had evicted the plaintiff, or had deprived him of the quiet enjoyment of the leased premises.

In the case stated above one of the counts of the declaration, after stating in effect that the defendant wrongfully interfered with the plaintiff's tenants and prevented them from paying rent to the plaintiff, asserted that by this means the defendant ousted the plaintiff, whereby he was evicted, and it was *held*, that the averments of unlawful interference were matters of inducement merely introductory to the allegation of ouster or eviction, which was the essential subject of the count on which the plaintiff relied, so that it was not necessary to consider whether the facts contained in the plaintiff's offer of proof would have supported a count for unlawful interference with the plaintiff's rights under the contract contained in the lease.

CONTRACT OR TORT by the lessee under a lease in writing dated September 28, 1912, for the term of two years from October 1, 1912, the declaration containing two counts, each for an alleged breach of the covenant of quiet enjoyment by an eviction of the plaintiff by the defendant, the lessor, as explained in the opinion. Writ dated August 22, 1913.

The second count of the declaration, which is described in substance in the opinion, contained the following allegations:

"That the defendant, who was the lessor named in said lease, wrongfully contriving and intending to injure the plaintiff and to deprive him of the benefit of his possession of said premises, and of the benefit of said lease, wrongfully interfered with certain subtenants of the plaintiff's of certain portions of said demised premises, and by misrepresenting and pretending to them, that the plaintiff's said lease was terminating or abrogating, or that the plaintiff had no rights thereunder, preventing the plaintiff's said subtenants from paying the rent due from them to the plaintiff for their said portions of said premises, and caused said tenants or some thereof to pay said rent to the defendant or her agent, and prevented the plaintiff from receiving the same.

"And the defendant by the means aforesaid caused the plaintiff's said subtenants to attorn to her, as their landlord in view of the rent, and thereby ousted the plaintiff from a large and material part of the demised premises, and rendered the plaintiff's occupation, use and enjoyment of the remainder of said premises of substantially no value to him, whereby the plaintiff was evicted from and compelled to remove and did remove from and vacate

and give up said premises to the defendant, who repossessed herself thereof.

"And the defendant has ever since excluded the plaintiff from all and singular the demised premises and denied his rights under said lease.

"By reason and by means whereof the plaintiff has wholly lost the benefit of said lease and of his rights thereunder, and the profits to which he was entitled per subletting said premises, and has been otherwise greatly damnified."

In the Superior Court the case was tried before *Hitchcock,* J. The plaintiff made in writing an offer to prove certain facts, which are stated in the opinion. The judge ruled that the facts offered to be proved were not sufficient in law to warrant a verdict for the plaintiff and ordered the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. W. Pickering,* for the plaintiff.

*F. P. Fralli & C. Grillo,* for the defendant.

CARROLL, J. This action is brought by the lessee against his lessor. The declaration is in two counts. By the lease dated September 28, 1912, the premises were demised to the plaintiff for two years from October 1, 1912. The plaintiff offered to show that the premises consisted of a store and four family suites, that the plaintiff paid the rent to February 1, 1913, and on the same day the agent of the defendant received from one of the plaintiff's tenants the rent for one month, due on that day, and receipted for it in the defendant's name, that the defendant had written to this tenant forbidding him to pay rent to the plaintiff and had given like notice to the other tenants, all of whom refused to pay rent to the plaintiff, "who has never received any rent from any of said tenants, since that which accrued on February 1, 1913, although the plaintiff paid to the defendant on March 1, 1913, the rent which fell due under the lease on that day;" that the defendant represented to all the tenants that the plaintiff had no right to the premises and had "procured them to attorn to her as their landlord," and that the plaintiff, learning of this, wrote the defendant and "at the end of March, 1913, removed from the suite which he occupied and surrendered the lease to the defendant."

The first count of the declaration alleges that the plaintiff was evicted from the leasehold. The plaintiff's offer did not show the disturbance of his possession or that he was deprived of the beneficial enjoyment of the leasehold. The collection of the rent from the plaintiff's tenants and the notice forbidding them to pay any further rent to him were acts which did not constructively evict him from his estate. "To constitute an eviction . . . there must either be an actual expulsion of the tenant, or some act of a permanent character, done by the landlord with the intention and effect of depriving the tenant of the enjoyment of the demised premises or some part of it, to which he yields, abandoning the possession within a reasonable time." *Bartlett* v. *Farrington*, 120 Mass. 284. *Taylor* v. *Finnigan*, 189 Mass. 568. *Skally* v. *Shute*, 132 Mass. 367. *Royce* v. *Guggenheim*, 106 Mass. 201. The acts complained of did not amount to an eviction, as the offer of proof did not show that by his wrongful acts the landlord had deprived the tenant of the beneficial use and enjoyment of the whole or a part of the leasehold. *Taylor* v. *Finnigan, supra.* The plaintiff cannot recover under the first count.

The acts stated in the offer of proof, even if they constituted an interference with the rights of the plaintiff, were not equivalent to a breach of the covenant of quiet enjoyment. The defendant did not enter upon the land and repossess herself of her former estate, determining the estate of her lessee. The tenants were estopped to deny their landlord's title. They remained his tenants, for the reason that they were not ousted by one having a superior title, or compelled to yield to the lawful owner of a claim which could not be resisted, without entry on the premises by such owner. See in this connection *Hinckley* v. *Guyon*, 172 Mass. 412; *George* v. *Putney*, 4 Cush. 351; *Eddy* v. *Coffin*, 149 Mass. 463; *Morse* v. *Goddard*, 13 Met. 177; *King* v. *Bird*, 148 Mass. 572; *Casassa* v. *Smith*, 206 Mass. 69; *Groustra* v. *Bourges*, 141 Mass. 7. The offer of proof does not bring the case within *Holbrook* v. *Young*, 108 Mass. 83, where the defendants' lessors were themselves tenants at will of two stores, one of which they leased in writing to the defendants. After the execution of the lease the tenants at will became bankrupt. The reversioner thereupon entered and required the tenants to attorn to her, which they did, and it was there decided that these proceedings

terminated the tenancy of the tenant at will and constituted an eviction of the lessee, so that when they were sued for rent by the assignees of the bankrupt, the defendants could recoup for the breach of the covenant for quiet enjoyment.

Rejecting the immaterial matter alleged in the second count, the plaintiff, after stating in effect that the defendant wrongfully interfered with his tenants and prevented them from paying rent to the plaintiff, asserts that by such means the defendant thereby ousted the plaintiff, whereby he was evicted. For the reasons stated, there was no eviction or ouster, and on the offer of proof there can be no recovery on the second count. Some of the allegations of this count would indicate that the plaintiff was seeking to recover on the ground of an intentional and unjust interference with an existing contract. See *McGurk* v. *Cronenwett*, 199 Mass. 457; *Wheeler-Stenzel Co.* v. *American Window Glass Co.* 202 Mass. 471; *Beekman* v. *Marsters*, 195 Mass. 205.

We do not decide that the averments of this count standing alone, were sufficient, together with the offer of proof, to entitle the plaintiff to recover under the principle of the above cases. These averments of unlawful interference were matters of inducement, introductory to the statement of the eviction or ouster of the plaintiff, which was the principal subject of the count and the one upon which he relied, and which is merely explained by the introductory matter describing the unlawful interference with the plaintiff's contract rights.

*Exceptions overruled.*