MARY K. CROWE, administratrix, *vs.* BOSTON AND MAINE
RAILROAD.

Middlesex.    March 28, 1922. — July 5, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Practice, Civil,* Judge's charge, Report. *Federal Safety Appliance Act. Negligence,*
Federal employers' liability act, Causing death. *Interstate Commerce. Em-
ployer's Liability.*

If the record in an action tried by a jury does not include the judge's charge, in the
absence of any exception thereto, the instructions to the jury will be presumed
to have been accurate and complete.

A report should show what questions arose in the trial court or were intended to
be reported for the determination of this court, and a judge has no authority
to include therein questions of law which might have been and were not raised.

If a judge is not asked at the trial of an action to rule as to the legal effect of the
entire evidence, he has no right to raise that question after verdict.

The provision of the federal safety appliance act, 27 U. S. Sts. at Large, 531, requir-
ing equipment with " couplers coupling automatically by impact, and which can
be uncoupled without the necessity of men going between the ends of the cars, "
relates both to coupling and uncoupling without the necessity of being between
the cars or between a car and an engine.

At the trial of an action under the federal employers' liability act by an adminis-
trator against a railroad corporation for personal injuries resulting in the death
of the plaintiff's intestate, while employed by the defendant as a brakeman in
interstate commerce, because of alleged failure to comply with the federal safety
appliance act, there was evidence that the intestate while following instructions
to couple a dummy engine to some cars, which were on a sharp curve, stood on
the step of the locomotive at the short side of the curve to adjust the couplers
at the outer end of the drawbars, and in compliance to his signal the engine
backed, the couplers slipped by each other without locking by impact, the
engine and car came within a few inches of each other and the intestate was
crushed and died of the injuries. There also was evidence that the play of the
drawbar of the locomotive was six inches on each side of the centre and because
of this latitude of motion it was necessary to go between the car and the coupler
on the drawbar of the engine so that the knuckles or gripping surfaces of the
couplers would come squarely on each other and lock by impact. The jury
found that the couplers were automatic; that it was necessary for the deceased
to go between the cars to set the drawbar but that it was not necessary to be in
that position at the moment of coupling; that the construction of the locomotive
was neither dangerous nor defective; that no want of due care on the part of the
servants of the defendant contributed to the injury and that the plaintiff's
intestate having been warned as to the risk of a known danger assumed it. *Held,*
that

(1) While the obligation of the defendant to furnish couplers conforming to the requirements of the federal safety appliance act was absolute and unconditional and a failure to perform that duty, if resulting as a proximate cause in an injury, would render it liable, it was for the jury to determine whether the possibility of misalignment of the drawbar rendered it defective;

(2) The answers of the jury in legal effect were conclusive that there was a compliance with the act requiring automatic couplers;

(3) As answers of the jury, warranted by the evidence, showed no ground of liability by reason of a failure to comply with the provision relating to automatic couplers, the sole ground relied upon by the plaintiff, judgment for the defendant should be entered.

TORT, under the federal employers' liability act, 35 U. S. Sts. at Large, 65, as amended by 36 U. S. Sts. at Large, 291,* by the administratrix of the estate of Daniel J. Crowe in behalf of herself as widow and her four minor dependent children for personal injuries received by him on June 19, 1915, resulting in his death, while employed by the defendant in interstate commerce as a brakeman at Lowell, the injuries resulting from a failure of the defendant to comply with the provisions of the federal safety appliance act, 32 U. S. Sts. at Large, 943, as amended by 36 U. S. Sts. at Large, 298. Writ dated October 21, 1915.

In the Superior Court the action was tried before *Bell*, J. Material evidence is described in the opinion. The action was submitted to the jury with certain questions which, with the answers, were as follows:

"1. Was or was not the deceased engaged in the transaction of interstate commerce?" The jury answered, "The deceased was engaged in interstate commerce."

"2. Was or was not the coupler an automatic coupler, coupling by impact without the necessity of going between the ends of the car?" The jury answered, "It was an automatic coupler."

"4. Was or was not it necessary for the deceased to go between the cars in making this coupling?" The jury answered, "It was necessary for the deceased to go between the cars to set the drawbar, but it was not necessary to be between the cars at the moment of coupling."

"5. Did or did not the want of due care on the part of the servants of the defendant contribute to the injury or death of the

---

* This statute in the amended form is published in *Corbett* v. *Boston & Maine Railroad*, 219 Mass. 351, at pages 352–355.

deceased?" The jury answered, "Want of due care on the part of the servants did not contribute to the injury of the deceased."

"6. Was or was not the construction of this locomotive defective and dangerous?" The jury answered, "The construction of this locomotive was not defective and dangerous."

"8. Did or did not the deceased assume the risk of a known danger?" The jury answered, "The deceased assumed the risk of a known danger."

"9. Did or did not the defendant fail to warn the deceased of a danger unknown to him?" The jury answered, "The defendant did not fail to warn the deceased."

The judge reported the case for the determination of this court, "Judgment to be entered for the defendant or for the plaintiff, and a new trial to be ordered on the questions of damages, or that a new trial be ordered generally, or such other orders made as law and justice may require."

Section 2 of 27 U. S. Sts. at Large, 531, known as the "Safety Appliance Act," referred to in the opinion, reads as follows:

"That on and after the first day of January, eighteen hundred ninety-eight, it shall be unlawful for any such common carrier to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars."

*P. J. Sondheim,* for the plaintiff.

*J. M. O'Donoghue,* for the defendant.

JENNEY, J.  Mary K. Crowe, as administratrix of the estate of Daniel J. Crowe who is hereinafter designated as the plaintiff, brings this action against the Boston and Maine Railroad to enforce liability under the federal employers' liability act because of its failure to comply with the provisions of the federal safety appliance act as to the use of automatic couplers.

The only controversy now existing is whether there was a violation of the latter act by a failure to equip the engine and the car with the couplers required thereby, or in its ultimate analysis whether there was evidence justifying the finding of the jury hereinafter referred to that the couplers actually in use were automatic, locking by impact, and that it was not necessary to be between the car and engine when they came together. The statute required

the equipment of the engine as well as of the car. *Johnson* v. *Southern Pacific Co.* 196 U. S. 1. *Schlemmer* v. *Buffalo, Rochester & Pittsburg Railway,* 205 U. S. 1. *Pennell* v. *Philadelphia & Reading Railway,* 231 U. S. 675. *Southern Railway* v. *Crockett,* 234 U. S. 725.

At the close of the evidence the judge submitted certain issues to the jury. To this no exception was taken; nor, so far as disclosed by the record, did either party contend that there was no evidence warranting his action. See *Richardson* v. *Devine,* 193 Mass. 336; *Albright* v. *Sherer,* 223 Mass. 39. From the answers it appeared that the plaintiff was engaged in interstate commerce. Neither party objects to this conclusion and it is not necessary to state the facts bearing thereon. See as to the pertinency of this issue, *Texas & Pacific Railway* v. *Rigsby,* 241 U. S. 33; *San Antonio & Arkansas Pass Railway* v. *Wagner,* 241 U. S. 476. The jury found that the coupler was automatic; that it was necessary for the deceased to go between the cars to set the drawbar but that it was not necessary to be in that position at the moment of coupling; that the construction of the locomotive was neither dangerous nor defective; that no want of due care on the part of the servants of the defendant contributed to the injury; and that, the decedent having been warned as to the risk of a known danger, assumed it. The answers were received and affirmed without objection.

The record does not include the judge's charge, and in the absence of any exception, it must be assumed that the jury were fully and accurately instructed as to what constitutes automatic couplers within the requirements of the act. *M & M Co. Inc.* v. *Hood Rubber Co.* 226 Mass. 181. The answers are considered on the basis that they were made in the light of such instructions.

The case is here upon a report, under St. 1913, c. 716, § 2 (see now G. L. c. 231, § 124), made "on the answers of the jury" and a "statement of facts and evidence," which is "all of the evidence . . . material to the issues of law raised." The report thus concludes: "Judgment to be entered for the defendant or for the plaintiff, and a new trial to be ordered on the questions of damages, or that a new trial be ordered generally, or such other orders made as law and justice may require."

A report should show what questions arose in the trial court or were intended to be reported for the determination of this

court, and a judge has no authority to include therein questions of law which might have been and were not raised. *Wright* v. *Quirk,* 105 Mass. 44. *Churchill* v. *Palmer,* 115 Mass. 310. *Aldrich* v. *Springfield, Athol & Northeastern Railroad,* 125 Mass. 404. *Smith* v. *Lincoln,* 198 Mass. 388, 392. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519. *Sterling* v. *Frederick Leyland & Co. Ltd. ante,* 8. If he is not asked at the trial to rule as to the legal effect of the entire evidence, he has no right to raise that question after verdict. *Aldrich* v. *Springfield, Athol & Northeastern Railroad, supra.*

The report in this case is informal, but we consider it on the basis that it was intended to bring before us the plaintiff's contention made at the trial that on the evidence he was entitled to a verdict notwithstanding the answers of the jury, or, putting it in another way, that the uncontroverted facts as to the condition of the coupler not only warranted, but compelled, a finding in his favor. See *Scanlon* v. *Carey,* 207 Mass. 285.

The plaintiff had been for a long time in the employ of the defendant as a freight brakeman and on June 19, 1915, was the head brakeman of a crew that were using a dummy engine in shifting cars in the yard of the Saco-Lowell shops in Lowell. The engine was standing on a sharp curve with its rear end about three or four feet from the end of one of seven cars which also were at rest. The plaintiff had been directed to couple the engine to these cars, and just prior to the accident he stood upon the footboard of the engine for the purpose of adjusting the couplers which were at the outer end of the drawbars. See *Southern Railway* v. *Crockett,* 234 U. S. 725, 735. When, in response to his signal, the engine backed, he was crushed between it and the car, as the couplers slipped by each other without locking by impact and the engine and car came within a few inches of each other. The injury resulted in death.

The curve in the track within the private yard in which the plaintiff was at work when he received his injury was so sharp that a regular locomotive could not be used. The play in the drawbar of the locomotive was six inches on each side of its centre, and because of this latitude of motion it was necessary for the plaintiff to go between the car and engine and by hand adjust the position of the coupler on the drawbar of the engine so that the knuckles

or gripping surfaces of the couplers, which were on the free or outer end of the drawbars, would come squarely on each other and lock by impact. In ordinary engines and cars the play was only two or three inches. There was no evidence that after such adjustment had been made there was any necessity of remaining between the car and engine.

The obligation of the defendant to furnish couplers conforming to the requirements of the act was absolute and unconditional. If that duty was not performed, it was liable, leaving aside the questions relating to the plaintiff's assumption of risk and other possible defences, although it exercised reasonable care, if an injury resulted as a proximate cause. *St. Louis, Iron Mountain & Southern Railway* v. *Taylor,* 210 U. S. 281. *Chicago, Burlington & Quincy Railway* v. *United States,* 220 U. S. 559. *Delk* v. *St. Louis & San Francisco Railroad,* 220 U. S. 580. *Texas & Pacific Railway* v. *Rigsby,* 241 U. S. 33. *San Antonio & Arkansas Pass Railway* v. *Wagner, supra. Louisville & Nashville Railroad* v. *Layton,* 243 U. S. 617. *Lang* v. *New York Central Railroad,* 255 U. S. 455.

The act required equipment with "couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars." U. S. St. 1893, c. 196, § 2; 27 U. S. Sts. at Large, 531. This provision relates both to coupling and uncoupling without the necessity of being between the cars or between a car and an engine. *Johnson* v. *Southern Pacific Co., supra. San Antonio & Arkansas Pass Railway* v. *Wagner, supra.* The statute applies to switching operations as well as train movements. *United States* v. *Erie Railroad,* 237 U. S. 402.

In many instances, failure of the couplers to work sustains a charge of negligence. See *Chicago, Rock Island & Pacific Railway* v. *Brown,* 229 U. S. 317; *Texas & Pacific Railway* v. *Rigsby, supra.* However, the question of whether a particular coupler fails to comply with the statutory requirements may be a question of fact of which the burden is on the plaintiff. *Minneapolis, St. Paul & Sault Ste. Marie Railway* v. *Popplar,* 237 U. S. 369.

In the case now considered, the only defect claimed arises from the lateral play of the drawbar of the engine. It is contended that the necessity of adjustment by hand caused thereby made the drawbar defective; but it was for the jury to determine whether

this possibility of misalignment of the drawbar rendered it defective. *Atlantic City Railroad* v. *Parker,* 242 U. S. 56. *Willett* v. *Illinois Central Railroad,* 122 Minn. 513. In the Parker case, the defendant, noticing that the drawbars were not in line, put in his arm for the purpose of straightening one of them so that coupling would be possible, and was caught. It was said (page 59) "We are of opinion that there was enough evidence to go to the jury upon that point. No doubt there are arguments that the jury should have decided the other way. Some lateral play must be allowed to drawheads, and further, the car was on a curve, which of course would tend to throw the coupler out of line."

The answers of the jury in legal effect are conclusive that there was a compliance with the act requiring automatic couplers. The evidence and other answers of the jury warranted no ground of liability other than failure to comply with this provision. It follows that judgment for the defendant should be entered.

This conclusion renders it unnecessary to consider whether the finding as to the plaintiff's assumption of risk is in any way material. See, however, as to this subject, *Choctaw, Oklahoma & Gulf Railroad* v. *McDade,* 191 U. S. 64, 68; *Schlemmer* v. *Buffalo, Rochester & Pittsburg Railway, supra; Seaboard Air Line Railway* v. *Horton,* 233 U. S. 492; *Southern Railway* v. *Crockett, supra; Texas & Pacific Railway* v. *Rigsby, supra; Chicago, Rock Island & Pacific Railway* v. *Ward,* 252 U. S. 18; *Reed* v. *Director General of Railroads,* 258 U. S. 92.

*Judgment for the defendant.*