J. I. MOSKOW *vs.* RICHARD B. MARSHALL & another.

Middlesex.     February 4, 1930. — May 26, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Infant. Contract,* Validity. *Landlord and Tenant,* Lease to infant. *Practice, Civil,* Report.

A judge of the Superior Court, after hearing an action without a jury, found certain facts, made certain rulings of law, found generally in favor of the defendant, and reported "all the facts and evidence . . . upon which . . . [he] made . . . findings and rulings" for determination by this court. *Held,* that the report presented to this court the correctness of the rulings.

The term "necessaries," with reference to the liability of an infant for his contracts, is a flexible, and not an absolute term, having relation to the infant's condition in life, to the habits and pursuits of the place in which, and the people among whom he lives, and to the changes in those habits and pursuits occurring in the progress of society. Per FIELD, J.

In an action of contract for rent which the defendant had not paid under a lease in writing for a term equal to a college year, the defendant pleaded infancy. It appeared at the trial that, at the time he executed the lease, the defendant was an infant and a student about to begin his second year at the college. A judge who heard the action without a jury found that it was "necessary" for the defendant "to have a room as a place of lodging and study during . . . [the] college year";

that a "college course was not extravagant or unreasonable in respect . . . [to the defendant], considering his father's means and manner of living and his own prospects in life, and . . . [the] premises leased, and the rent therefor were not more than reasonably adequate under all the circumstances"; and that "the parents of . . . [the] defendant were ready, able and willing to supply and pay for reasonable and proper rooming accommodations of their own choosing." He ruled, "as a matter of law that a college education is not such a necessary as to . . . [the] defendant as to take the contract out of the rule relating to infants"; and found for the defendant. *Held*, that

(1) The ruling was in substance a ruling that the facts did not require a conclusion that a college education was a necessary for which the defendant could make a contract binding on him;

(2) The burden of proving that a college education was a necessary was on the plaintiff;

(3) On the facts, the ruling was proper;

(4) The fact, that a college course was not extravagant or unreasonable with regard to the defendant, was not affirmative proof that it was a necessary;

(5) The ruling was correct for the additional reason that, even if a college education were a necessary, the plaintiff had not shown that the defendant had no parent nor guardian able and willing to supply the necessary incidents thereof.

A report to this court of the action above described showed that the trial was on the basis that the defendant was an infant; and that no question of the sufficiency of the proof thereof by the defendant was raised at the trial or intended to be reported. *Held*, that, in such circumstances, it was not open to the plaintiff to contend in this court for the first time that the evidence did not warrant a finding that the defendant was an infant.

CONTRACT. Writ dated October 5, 1928.

In the Superior Court, the action was heard by *Greenhalge*, J., without a jury. Material evidence, facts found by the judge and rulings made by him are stated in the opinion. He found for the defendants and reported the action for determination by this court.

*A. Moskow*, for the plaintiff.

*B. Potter*, for the defendants.

FIELD, J. This is an action of contract to recover rent alleged to have become due to the plaintiff on October 1, 1928, under a lease executed by the defendants, Richard B. Marshall and Lewis R. Burchill. Infancy of the defendants was pleaded and is the sole defence argued. The case was heard by a judge of the Superior Court sitting without a jury. He made findings of fact and rulings of law, found

generally for the defendants and reported the case, embodying in the report "all the facts and evidence . . . upon which . . . [he] made . . . findings and rulings." The report brings these rulings before us for review. G. L. c. 231, § 111. *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519, 522. *Crowe* v. *Boston & Maine Railroad*, 242 Mass. 389, 392–393.

The facts reported include the following: In September, 1928, the defendants were entering upon their second year at Harvard College. The defendant Burchill prepared for college at an academy "located one hundred twenty miles from his home, where the annual fee was $1,050." The father of the defendant Marshall is associated with a firm or corporation "in the bond business. The parents of both defendants had in previous years paid their rooming expenses. Both defendants resided in the freshman dormitories their first year at Harvard College. Prior to coming to Cambridge for their sophomore year they had not reserved any rooms." On September 21, each of them signed a document in the form of a lease covering the same suite of rooms in "a privately owned dormitory . . . used exclusively for students at Harvard College," and providing that "the entire rent was $650 for the period from September 25, 1928, to June 25, 1929, the college term, payable one-half on October 1, 1928, and one-half on February 15, 1929." They "took possession and occupied the suite for two days on September 22 and 23, when they found a suite of rooms in a college owned dormitory . . . to which they moved. They have not paid the rent which was due October 1, 1928."

The trial judge treated the two documents as constituting one instrument and ruled that "the instrument . . . was a lease." He made the following specific findings: It was "necessary" for the defendants "to have a room as a place of lodging and study during their college year" and "it is the general custom to rent rooms for the college year." A "college course was not extravagant or unreasonable in respect of either defendant, considering his father's means and manner of living and his own prospects in life, and . . .

[the] premises leased and the rent therefor were not more than reasonably adequate under all the circumstances." He found further "if material, that the parents of each defendant were ready, able and willing to supply and pay for reasonable and proper rooming accommodations of their own choosing and that a fair charge for the actual occupation of plaintiff's premises by the defendants would be $12" and ruled, "as a matter of law that a college education is not such a necessary as to either defendant as to take the contract out of the rule relating to infants."

The correctness of the ruling with respect to the two documents treated as one instrument, that "the instrument . . . was a lease," is not controverted.

The ruling "as a matter of law that a college education is not such a necessary as to either defendant as to take the contract out of the rule relating to infants" was proper. This was, in substance, a ruling that the facts found did not warrant the conclusion that a college education was a necessary for either defendant for which he could make a binding contract. The plaintiff had the burden of proving that it was a necessary. The term "necessaries" "is a flexible, and not an absolute term, having relation to the infant's condition in life, to the habits and pursuits of the place in which, and the people among whom he lives, and to the changes in those habits and pursuits occurring in the progress of society." *Breed* v. *Judd,* 1 Gray, 455, 458. See also *Davis* v. *Caldwell,* 12 Cush. 512. "A proper education is a necessary, but what is a proper education depends on circumstances." *International Text Book Co.* v. *Connelly,* 206 N. Y. 188, 195. See also *Mauldin* v. *Southern Shorthand & Business University,* 126 Ga. 681. Under present day conditions, as in the past (*Middlebury College* v. *Chandler,* 16 Vt. 683), a college education is not, as matter of law, a necessary, though very likely circumstances could be shown which would warrant that conclusion as matter of fact. See *International Text Book Co.* v. *Connelly, supra.* Such circumstances are not shown here. The meager facts stated in the report as to the defendants and the specific finding that a "college course was not extravagant or unreasonable

in respect of either defendant, considering his father's means and manner of living and his own prospects in life," do not go far enough for this purpose. The affirmative fact of necessity is not established by the negation of extravagance and unreasonableness. Nor does the fact that the defendants were able to continue in college until the second year of the course prove that for them a college education was necessary. The finding that it was "necessary for them to have a room as a place of lodging and study during their college year" was no more than a finding that for them such a room was essential to a college course.

On another ground this ruling was correct. A college education, even if needed by a minor, is not a necessary for which he is liable if he has a parent or guardian able and willing to supply it. *L. P. Hollander Co.* v. *Porter*, 267 Mass. 378, 380. See also *Davis* v. *Caldwell, supra.* The burden of proof resting on the plaintiff extended to proof that the defendants had no way of obtaining the necessary incidents of a college education except by their own contracts. *L. P. Hollander Co.* v. *Porter, supra.* This burden has not been sustained, even if the express finding to the contrary that "the parents of each defendant were ready, able and willing to supply and pay for reasonable and proper rooming accommodations of their own choosing" is disregarded on the ground urged by the plaintiff, that it was not warranted by the evidence. However, we do not intimate that the question, whether this finding was warranted, is before us on this report. See *Holbrook* v. *Young*, 108 Mass. 83, 87; *Crowe* v. *Boston & Maine Railroad, supra.*

Infancy was an affirmative defence to be proved by the defendants. The plaintiff now contends that the decision of the trial judge rested on the erroneous assumption that the defendant Marshall was a minor at the time he executed the lease, and that the evidence did not warrant a finding to this effect. The report indicates that the case was tried on the footing that this defendant was a minor. It does not show that any question as to the proof of that fact was raised at the trial or intended to be reported. Objection to

want of proof thereof cannot be made here for the first time. *Holbrook* v. *Young, supra. Crowe* v. *Boston & Maine Railroad, supra.*

It is not contended by the plaintiff that he is entitled to recover for actual use and occupation of the premises for two days by the defendants, if any such question is brought here by the report. See, however, *Gillis* v. *Goodwin,* 180 Mass. 140; *Knudson* v. *General Motorcycle Sales Co. Inc.* 230 Mass. 54, 56.

As there was no error in the rulings of the trial judge there must be judgment for the defendants on the finding.

*So ordered.*