MARY A. POTTER *vs.* LEONA J. DUNPHY.

Suffolk.    April 6, 1937. — May 26, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Civil,* Leave reserved under G. L. (Ter. Ed.) c. 231, § 120. *Landlord and Tenant,* Common stairway.

An exception by the defendant to the denial of his motion that a verdict be entered for him after leave reserved under G. L. (Ter. Ed.) c. 231, § 120, properly brought before this court the question whether the evidence at the trial warranted the verdict for the plaintiff, although the reservation of leave was made without any previous exception by the defendant.

A landlord in control of a common stairway in a tenement house properly was found liable for injuries sustained by his tenant's daughter when she tripped on a defective rubber tread on one of its steps, which had been in good condition at the time of the letting.

TORT. Writ in the Superior Court dated December 30, 1931.

The action was tried before *F. T. Hammond,* J., who, after the recording, with leave reserved, of a verdict for the plaintiff in the sum of $2,500, denied a motion by the

defendant that a verdict be entered in her favor. The defendant alleged an exception.

The case was submitted on briefs.

*F. W. Ziniti & A. L. Brown*, for the defendant.

*W. A. Taylor & D. A. Foley*, for the plaintiff.

LUMMUS, J. The plaintiff lived with her father in a third floor tenement hired by him in October, 1930, as tenant at will of the defendant. At the time of the letting, the treads of the common stairway in the control of the defendant were covered by rubber mats, nearly a year old, about one eighth of an inch thick, nailed at the back of the treads near the riser, and so moulded and thickened at the front that they fitted over the front of the treads and remained in place without being fastened.

As time went on, the mats curled at the front, ceased to fit over the front of the treads, and tended to curl up or fold up on the treads. On May 17, 1931, according to evidence in the case, the plaintiff sustained injury by tripping over such a curled or folded mat.

Without any previous exception, the judge reserved leave under G. L. (Ter. Ed.) c. 231, § 120, when the jury returned a verdict for the plaintiff. Later the defendant excepted to the denial of her motion that a verdict be entered in her favor under the leave reserved. That single exception brings the case here. The plaintiff contends that the reservation of leave was improper and ineffectual, because there were no "exceptions . . . alleged" and no "question of law reserved" within the section cited, to serve as the basis for the reservation of leave to enter a different verdict. Perhaps it would be enough to say that the plaintiff saved no exception to the procedure adopted. *Buono* v. *Cody*, 251 Mass. 286, 289. But in *Moore* v. *Amesbury*, 268 Mass. 462, 465, there was a similar reservation of leave, and a later exception by the defendant to the denial of its motion for the entry of a verdict in its favor. The report in that case presupposed that the sufficiency of the evidence to warrant a verdict for the plaintiff was raised by the exception just stated, for "a judge has no authority to include therein [i.e. in a report] questions of law which

might have been and were not raised." *Crowe* v. *Boston & Maine Railroad,* 242 Mass. 389, 393. *Aldrich* v. *Springfield, Athol & North Eastern Railroad,* 125 Mass. 404. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384. Compare *Horowitz* v. *State Street Trust Co.* 283 Mass. 53, 56, 57. Notwithstanding the suggestion in the plaintiff's brief in *Moore* v. *Amesbury,* 268 Mass. 462, that the defendant was not entitled to argue on the report the question of the sufficiency of the evidence to warrant a verdict for the plaintiff because it had raised no such question until after the verdict had been taken with reserved leave, this court held that the case was "rightly before us." See also *Sheehan* v. *Strong,* 257 Mass. 525, 529. We think that the question of the legal sufficiency of the evidence to warrant a verdict for the plaintiff is properly before us in the present case, as that question was the "question of law reserved" by the reservation of leave, and that warranted it.

But we have no doubt upon that question of law. The evidence in our opinion made a case for the jury upon principles too familiar to need discussion.

*Exceptions overruled.*