PeaRsoNj J.
 

 This was debt on the guardian bond' of the defendant, Cook. The amount claimed as disbursements, exceeded the-income of the wards., 'But the defend-, ant, admitting the general rule, insisted, that an exception ought to be made upon the facts of this case, which were-as follows: The defendant, Cook, was appointed guardian-in 1843. From 1840 to 1843, one Moore had been the guardian. The infants lived with their mother during the year 1840. Cook married her in 1841, and they edntinued to live with him. One of the items of the defendant, Cook’s, account was-a charge-of thirty six dollars a year ¿gainst each of the infants for board for the-years 1840-’41 and 1842, and it was insisted this- amount was a
 
 debt due by the-in
 
 
 *68
 

 fants
 
 to the defendant, Cook, for the satisfaction of which he had a right to “encroach” on the principal, the income-being consumed by his disbursements'and those of the former guardian, exclusive of this item of board, which, it is insisted, he was at liberty to payout of the principal, because it was á
 
 debt
 
 due by his wards, when he was appointed guardian.
 

 His Honor was of a different opinion, and we concur with him. If Cook had been guardian all of the time, it is admitted he would not have been at liberty thus to exceéd the income. How can that be done indirectly, which could not have been done directly ? How could the infants, during the'guardianship of Moore, incur a liability exceeding their income, which, upon the appointment of Cook as guardian, became a debt chargeable upon the principal of their estate ? Moore, as guardian, was bound' to furnish them with necessaries, and was not at liberty to exceed their income. The infants had no capacity to incur a debt exceeding their income, even for necessaries. The guardians for infants are presumed to furnish all
 
 necessaries,
 
 and a stranger, who furnishes board or any thing else, must, except under peculiar circumstances, take care to contract with the guardian ; otherwise, the provision that guardians shall not, in their expenditures, exceed the income of wards, would be vain and nugatory.
 

 Per Curiam. Judgment affirmed.