On the trial before his Honor, Judge Settle, at EDGECOMBE, on the last Fall Circuit, it appeared that the defendant was an infant, of seventeen years of age, under the guardianship of Josiah Lawrence, and that her property yielded an annual income of about $107.50. The plaintiff married the mother of the defendant in the summer or fall of 1849, and resided at Rocky Mount, in Edgecombe County, until January, 1850, when he removed to the town of Tarboro, from which time the defendant commenced living with him, and remained with him for the years 1850-'51, during which time the plaintiff furnished her with four pair of shoes; and for her board and these articles he charged $150, which was a reasonable price. It also appeared that the guardian resided in the same town, and knew that the defendant was living at the plaintiff's house with her mother. The defendant moved in genteel and respectable society — dressed neatly and genteelly — was sent to school — and her guardian paid her store bills for clothes. The (111) plaintiff was a man of small means and large family. There was no positive evidence of any special contract between the plaintiff and defendant, or her guardian, in regard to her board or the shoes furnished, and no evidence that the guardian had furnished her with board.
The defendant's counsel contended: (1) That, in the absence of any proof of a special contract, the plaintiff being the step father of the defendant (a minor), the law did not imply a contract between them, so as to entitle the plaintiff to recover. (2) That the defendant had not capacity to make a contract, so as to bind her, even for necessaries, as she had a guardian. (3) That the plaintiff could not recover even for necessaries, without the express authority of the guardian, and that authority could extend only to bind the defendant for necessaries to the amount of her income. (4) If from the circumstances the jury could infer authority from the guardian, and thereby raise an implied contract, that could only extend to the amount of the defendant's income.
His Honor, the presiding judge, charged the jury that the guardian stood in the place of the parent, and it was his duty to furnish the defendant with necessaries to the extent of her income, if so much was required; and if her income was not sufficient for that purpose, to have her bound to some useful trade or employment. That if the plaintiff (being her stepfather) without any contract with her or her guardian, furnished her board, he could not recover therefor; but the jury would inquire from the circumstances of the case and the knowledge of the *Page 117 
guardian, whether the latter had not made a special contract with the plaintiff to board the defendant; and if they believed that there was such a special contract, the plaintiff could recover; or, if the guardian had neglected or refused to furnish the defendant with board, then the jury would inquire whether, from the circumstances, there was a special contract between the defendant and plaintiff, and if they so inferred, or if there was no special contract, the law would imply a contract, and the plaintiff was entitled to recover; and in either case, the plaintiff was not restricted to the income of the defendant, but could recover a fair price for the board and other necessaries, though it exceeded the income.
The jury under instruction to this effect, found a verdict for (112) the plaintiff for $158, the amount of his claim, and from the judgment rendered thereon, the defendant appealed to the Supreme Court.
The charge of his Honor to the jury is in direct conflict with the opinion of this Court in the case of S. v. Cook, 34 N.C. 67. It was there said, that the guardian was bound to furnish his wards with necessaries, but not so as to exceed their income. "The infants had no capacity to incur a debt exceeding their income, even for necessaries. The guardians of infants are presumed to furnish all necessaries, and a stranger who furnishes board or anything else, must, except under peculiar circumstances, take care to contract with the guardian. Otherwise, the provision that guardians shall not, in their expenditures, exceed the income of wards, would be vain and nugatory." See, also, Long v. Norcom,37 N.C. 354, and Downey v. Bullock, 42 N.C. 102.
The counsel for the defendant has referred us to the case of Sharpe v.Cropsey, 11 Barb. (N. Y.), Rep., 227, where the question presented was identical with the one before us. The Court there says that "the rule seems to be this: The stepfather is not bound to support his stepchildren, nor they to render him any services; but if he maintain them, or they labor for him, they will be deemed to have dealt with each other in the character of parent and child, and not as strangers. There is no obligation on the part of the father to pay for the childrens' *Page 118 
services, nor on the part of the children to remunerate their father for their support." The judgment must be reversed, and a venire de novo ordered.
PER CURIAM. Judgment reversed, and venire de novo.
Cited: Hyman v. Cain, 48 N.C. 112; Freeman v. Bridgers, 49 N.C. 4;Hudson v. Lutz, 50 N.C. 219; Fessenden v. Jones, 52 N.C. 15; Dodson v.McAdams, 96 N.C. 149; Mull v. Walker, 100 N.C. 50; Hicks v. Barnes,132 N.C. 149; Dunn v. Currie, 141 N.C. 126.
(113)