ALPHEUS E. HOYT *vs.* JAMES CASEY.

A minor child will not be liable for necessaries furnished him, merely because his father is poor and unable himself to pay for them.

CONTRACT on an account annexed to recover the sum of $47.25 for medical attendance and medicine. The defendant answered that he was a minor under the age of twenty-one years. The plaintiff replied that the sum sued for was for necessaries furnished the defendant suitable to his estate and degree.

At the trial in the Superior Court, before *Wilkinson*, J., it was agreed that the plaintiff was a practising physician, and that he attended the defendant professionally and furnished him medicines, as charged in the account annexed.

The defendant's mother testified that he was not twenty-one years of age, and that at the time of his sickness he resided at home with his parents, who kept house; that the defendant's father was very poor and was unable to pay his bills at the time of and before and after the defendant's sickness. The defendant testified that he lived at home with his parents at the time of his sickness; that he had worked in one place for four years; and that he always received and receipted for his own pay and carried it home and gave it to his father.

In behalf of the plaintiff it was testified that the father had had his poll taxes abated because he was too poor to pay them; that he was ejected from the house in which he lived because he could not pay the rent, and the plaintiff testified that he knew that the defendant's father was very poor and unable to pay for necessaries furnished to his son; that he would not and did not give any credit to the father, but gave the defendant himself the credit and made the charges to no one else; and that since the sickness, but before he was twenty-one years old, the defendant had at various times, when asked for the amount of the bill, promised the plaintiff to pay it. It did not appear that the defendant was informed the charges were made to him till after the services had been rendered.

The judge among other things instructed the jury that the poverty of the father would not be sufficient to render the son liable for necessaries furnished to him, but that the plaintiff must go further and show a refusal or neglect of the father to furnish them. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*W. B. Gale,* for the plaintiff.

*P. H. Cooney*, for the defendant.

DEVENS, J. In this case it did not appear at whose request the services for the value of which this action was brought were rendered, or that any information was given the defendant, who

was a minor residing in the house of his father, until after the services were performed, that any charges were being made against him therefor, or that he was expected to pay for the same. After the services were rendered, but during his minority, there was evidence that the defendant said that he would pay for such services, but this could have no binding effect as a legal promise. His liability must depend upon the condition of things at the time of the rendition of the services. If a ratification by the minor were relied upon to charge him, it must be one made after his arrival at full age. *Boyden* v. *Boyden,* 9 Met. 519. *Morse* v. *Wheeler,* 4 Allen, 570.

We are of opinion that the instruction to the jury that the poverty of the father would not be sufficient to render the son liable for necessaries furnished to him, but that the plaintiff must go further and show a refusal or neglect of the father to furnish them, was sufficiently favorable to the plaintiff. An infant when residing at home and under the care of his father and supported by him, is not liable even for necessaries. If he were, the father would be deprived of his right to determine what the character of that support should be. *Bainbridge* v. *Pickering,* 2 W. Bl. 1325 ; 1 Esp. N. P. 163. *Wailing* v. *Toll,* 9 Johns. 141. *Angel* v. *Mc-Lellan,* 16 Mass. 28. Nor do we think that a case can be excepted from this well recognized principle because the father is found to be a poor man. When necessary professional services are rendered to a minor son residing in the house of his father, the legal inference is that the father is the person liable therefor. In the present case the father was keeping a family together, and was receiving the wages of this minor. While it was proved that he was unable to pay the debts he had incurred, he was, so far as it appeared, doing his best with the means at his command to provide for his family. No refusal or neglect to perform his duty of supporting the son was shown, although from his impoverished condition it may perhaps be fairly inferred that such duty could be but imperfectly performed. Ordinarily when one renders to another valuable service, the law will imply a promise to pay therefor by him for whom such service is rendered, and this upon the ground that as such party cannot infer service of this charac-

ter to be gratuitous, it must be implied that he promised to pay for it; but no such implication can arise against a minor residing with his father, delivering over to him his wages, and entitled to look to him for support.

Upon the evidence in the present case all the elements exist which are necessary to make the father liable. The plaintiff could not fix a liability upon the son by giving the credit to him for the services without the knowledge of either the father or the son. Whether such liability had been incurred must be determined by the facts, with which both parties were acquainted.

*Exceptions overruled.*