ANTONETTA BELLUCI *vs.* WILLIAM A. FOSS.

Suffolk.   January 8, 1923. — March 6, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Conservator.  Practice, Civil,* Request for ruling, Exceptions.

At the trial of an action against a person under conservatorship to recover for care and nursing of him, for money expended in buying food for him and for money paid to him for the purchase of merchandise and wearing apparel, the judge refused to rule, as requested by the defendant, that "If the conservators . . . furnished sufficient sums of money to the defendant for his comfortable support the plaintiff cannot recover in this action for services rendered or for goods furnished to the defendant," and the jury returned a verdict for the plaintiff. Upon a bill of exceptions, which did not purport to contain all the material evidence, it was *held,* that, even if it were assumed that the ruling requested was a correct statement of law, it was inapplicable on the facts disclosed, as the jury may have found that it was necessary for the defendant's comfort to have the care of a nurse, that articles furnished by the plaintiff were necessary and were not supplied from any other source and that certain sums contributed by the conservator, taking into account the defendant's wealth and all the circumstances, may have been inadequate.

CONTRACT for $1,208.09 upon an account annexed.   Writ dated June 28, 1916.

In the Superior Court, the action was tried before *Fosdick,* J., upon an auditor's report and other evidence, material portions of which and of the defendant's requests for rulings and his exceptions, are described in the opinion.

The jury returned a verdict for the plaintiff in the sum of $1,235.45, of which, by order of the judge, upon motion for a new trial, the plaintiff remitted $211.52.   The defendant alleged exceptions.

*G. F. McKelleget,* for the defendant, submitted a brief.

The plaintiff was not in court nor represented, and presented no brief.

CARROLL, J.   The plaintiff in this action seeks to recover for care and nursing of the defendant, for money expended by her in buying food for him, and for money paid to him for the purchase of merchandise and wearing apparel.   She introduced evidence tending to show that from January 5, 1916, to July 5, 1916, with the exception of one week, she rendered services as nurse and

housekeeper to the defendant; that she bought the articles mentioned in her declaration; and that for a substantial part of the time the defendant was confined to his bed. From January 5, 1916, to March 25, 1916, Albert E. Little was the conservator of the defendant's property, duly appointed by the Probate Court. On March 25, 1916, John P. Feeney was appointed conservator and continued to act as such during the time in question. The bill of exceptions recites that from January 5 to January 24, 1916, Little paid to messengers who claimed to come from the defendant, $30 each week for his support. From January 24 to March 25 he paid one Frisco $5 each week for the defendant. It did not appear that these sums of money, other than the money given to Frisco, were paid to the defendant. From March 25 to July 5, 1916, Feeney "furnished directly to the defendant $50 every week for his support and living expenses." There was evidence that the conservators, from January 5 to July 5, 1916, paid bills amounting to $278.56 for provisions furnished the defendant, in addition to the payments above mentioned. The case was referred to an auditor and his report was in evidence. At the close of the evidence the defendant requested the trial judge to instruct the jury: "If the conservators Little and Feeney furnished sufficient sums of money to the defendant for his comfortable support, the plaintiff cannot recover in this action for services rendered or for goods furnished to the defendant." To the refusal of the judge to give this instruction the defendant excepted. The jury were instructed to the effect, that the fact that the defendant was under a conservatorship did not prevent him from making an implied contract for such things as were reasonably necessary for his comfort; that he could make an implied contract for such things, if necessary for him in his situation and circumstances. No exception to the charge was taken.

A conservator has the same powers and duties, except as to the custody of the person, as a guardian of an insane person; and the laws relating to the jurisdiction of the Probate Court over the estate of a person under guardianship, as an insane person, including the management, sale or mortgage of his property, and payment of his debts, shall apply to a person under conservatorship. G. L. c. 201, § 20. A person over whom a conservator has been appointed may be liable for necessaries furnished him, as

an insane person or an infant. If liable, he is bound on an implied contract. Whether the articles sued for are necessaries is generally a question of fact, depending not merely on their nature but upon the issue whether they are proper and suitable, according to the circumstances and his condition of life. Where suitable provision is made by a guardian for the support of his ward, " or where, from any source, . . . [his] wants . . . are supplied, articles furnished by a trader to . . . [the ward] on his own credit, are not necessaries, and of this the trader must take notice and inform himself." *Davis* v. *Caldwell,* 12 Cush. 512, 513. A minor residing at the home of his father is not liable for the services of a physician who attends him in his sickness, even if the minor's father is poor and unable to pay his debts, unless it is shown that the father refused or neglected to furnish the son with the necessaries of life. *Hoyt* v. *Casey,* 114 Mass. 397. If food, clothing, care, and other articles suitable for the condition of the ward were furnished by the guardian, or were supplied from some other source, the ward is not responsible to the plaintiff for the articles furnished and the work done for him, and in such circumstances the supplies were not necessaries. See *Trainer* v. *Trumbull,* 141 Mass. 527. The ward who has a conservator who furnishes him with everything suitable and essential for his comfort, according to his condition in life, cannot make a binding contract to pay for them. The burden is upon the plaintiff to show that the defendant's wants were not sufficiently supplied by the guardian. *International Textbook Co.* v. *Connelly,* 206 N. Y. 188. *Nicholson* v. *Wilborn,* 13 Ga. 467, 475. *Rivers* v. *Gregg, Hayden & Co.* 5 Rich. Eq. 274. See also *Burghart* v. *Hall,* 4 M. & W. 727.

In the case at bar the bill of exceptions does not purport to contain all the material evidence. The jury may have found that it was necessary for the defendant's comfort to have the care of a nurse, and that the articles furnished by her were not supplied from any other source. They may have believed that the money given to messengers was not received by the defendant. We know nothing of the extent or value of his estate, of his condition in life; and even if he did receive the money it may have been insufficient for his proper support and maintenance. The sums contributed by Feeney, in the judgment of the jury, taking into account the defendant's wealth and all the circumstances,

may have been inadequate. It did not appear that a housekeeper or nurse was supplied by the guardians, and the amount paid for provisions may not have been sufficient to keep the defendant in comfort. There is nothing in the evidence to show what the defendant did with the money given him by the conservator, or that he was mentally capable of being intrusted with money. Even if it be assumed that the request asked for was a correct statement of law, the facts disclosed did not render it applicable, and on this record we cannot say that it should have been given. The judge was not obliged to give this request in its exact language. No exception was taken to the instructions given, and so far as the facts are shown the instructions were not erroneous.

*Exceptions overruled.*