Louise J. Schaefer *vs.* Joseph W. Schaefer & another.

Suffolk.    November 12, 1925. — February 27, 1926.

Present: Rugg, C.J., Braley, Pierce, Wait, & Sanderson, JJ.

*Insane Person.    Contract*, Implied.

An action against an insane person cannot be maintained by his sister to recover sums paid by her as premiums upon an endowment policy of insurance upon his life where it does not appear that the payments were requested by the defendant and it does appear that the plaintiff knew that the defendant was insane at the time of the payments.

An action may be maintained against an insane person by his sister to recover sums voluntarily paid by her to a public hospital for the defendant's board, although the defendant did not request that the payments be made and the plaintiff, when she made them, knew of the lunacy.

Contract upon two accounts annexed, the first for payments made to the Boston State Hospital amounting to $869.71, and the second for payments to the Metropolitan Life Insurance Company amounting to $131.58. Writ in the Superior Court dated June 5, 1923.

The action was tried in the Superior Court before *Brown*, J. The plaintiff waived two items in the first count amounting to $86.29. Other material evidence is described in the opinion. By order of the judge, a verdict was entered for the defendant. The judge then reported the action to this court upon the stipulation of counsel that, if the Supreme Judicial Court determined that there was any evidence to go to a jury, judgment should be entered for the plaintiff in the sum of $915.

*W. P. Thompson*, (*D. J. O'Connell* with him,) for the plaintiff.

*J. L. Burns*, for the defendants.

Braley, J.    The defendant Joseph W. Schaefer, an insane person placed under guardianship September, 1922, and brother of the plaintiff, became a patient at the Boston State Hospital July 3, 1917, where he has since remained. During the period covered by the declaration, and prior to his

guardianship, she has voluntarily paid the hospital for his board, and has also paid the premiums as they fell due on an endowment policy of insurance held by him on his life. The action is brought to recover the respective disbursements. The plaintiff does not claim that she had been requested by the defendant to make the payments, or that he knew what was being done for his benefit. *Butler* v. *Butler,* 225 Mass. 22, 28. The defendant appeared by guardian, and after a general denial pleaded his insanity. It is conceded that he had no property except a share as an heir at law in the estate of his deceased mother, and his interest in the policy from which source the plaintiff expected to be reimbursed. But the plaintiff testified, that she knew the defendant was insane, and while the contract of an insane person is voidable and not void, she acted with knowledge of the defendant's lunacy.

It is settled that under such circumstances the payment of the premiums was gratuitous. *Seaver* v. *Phelps,* 11 Pick. 304. *Gibson* v. *Soper,* 6 Gray, 279. *Tupper* v. *Cadwell,* 12 Met. 559. *Reed* v. *Mattapan Deposit & Trust Co.* 198 Mass. 306. *Brewster* v. *Weston,* 235 Mass. 14.

But the jury could have found that the payments to the hospital were necessary for his proper care and subsistence. It was said in *Seaver* v. *Phelps,* 11 Pick. 304, 307, that the question, whether an insane person could be held liable for necessaries, need not be decided as the contract in suit was not of that character. If the defendant were an infant not living at home and cared for by his parents, had fallen into distress and was in immediate need of food, or suitable clothing, or proper shelter, an implied contract for payment by him to the person supplying his needs would be created. *Hoyt* v. *Casey,* 114 Mass. 397. The defendant apparently was supported by his mother until her death, when, the plaintiff not merely from sisterly affection and a sense of duty but also under the impulse of a common humanity having relieved his necessities, her claim for compensation is founded on fundamental justice. *Hallett* v. *Oakes,* 1 Cush. 296, 299. *Belucci* v. *Foss,* 244 Mass. 401. *Williams* v. *Wentworth,* 5 Beav. 325. *In re Rhodes,* 44 Ch. D. 94.

· The result is that on the count for money paid for insurance premiums the defendant is entitled to judgment on the verdict, but on the count for board the verdict is set aside and judgment for the plaintiff is to be entered for $782.43, with interest from the date of the writ.  *Monies* v. *Lynn,* 119 Mass. 273, 275.   G. L. c. 231, § 123.

*So ordered.*