## George Tracy *vs.* John Brown.

Essex.    October 18, 1928. — November 27, 1928.

Present: Crosby, Pierce, Carroll, Wait, & Sanderson, JJ.

*Infant*, Disaffirmance of contract.  *Contract*, Disaffirmance by infant, Implied.  *Evidence*, Presumptions and burden of proof.

At the trial of an action of contract to recover the price of an automobile purchased by the plaintiff while a minor from the defendant, there was evidence that the plaintiff, when still a minor, "asked the defendant for his money back stating . . .. that he was a minor" and that the automobile was in a certain place where the defendant could get it.  It appeared that the defendant never obtained possession of the automobile.  The judge instructed the jury in substance that, if they believed such evidence, the contract of purchase was disaffirmed by the plaintiff and he was entitled to recover.  *Held*, that

(1) The words used by the plaintiff were a sufficient disaffirmance and repudiation of the contract;

(2) If the jury found that the plaintiff used such words, the question, whether there was a disaffirmance of the contract, was one of law;

(3) The instructions were proper.

Contract.  Writ in the District Court of Southern Essex dated June 11, 1924.

On removal to the Superior Court, the action was tried before *Qua*, J.  Material evidence and a portion of the judge's charge to the jury, to which the defendant excepted, are stated in the opinion.  The jury found for the plaintiff in the sum of $466.18.  The judge reported the action for determination by this court.

The case was submitted on briefs.

*P. A. Kiely*, for the defendant.

*T. A. O'Leary*, for the plaintiff.

Crosby, J.    This is an action of contract to recover $350, the price of an automobile purchased from the defendant by the plaintiff, and paid for while he was a minor.  The case was tried before a judge of the Superior Court with a jury. A verdict was rendered in favor of the plaintiff for the amount paid, with interest.  The case is before this court upon a

report which includes an exception saved by the defendant to a part of the judge's charge.

The plaintiff testified that before he became of full age he went to the defendant, accompanied by a witness, and "asked the defendant for his money back stating to the defendant that he (the plaintiff) was a minor and that the auto was in a garage on River Street, Lynn, that the defendant could go and get it." The defendant testified that he never obtained possession of the automobile, and there was no evidence to the contrary.

The presiding judge instructed the jury, in part, as follows: "Now, the plaintiff says . . . [he] went to the defendant . . . and . . . said . . . that at the time he bought this automobile he was under age, and he wanted his money back, and that the automobile was down in the River Street Garage . . . and that the defendant Brown said 'Nothing doing'. If the conversation took place in substance in that way (and that is the only disaffirming which the plaintiff relies upon in this case), then I instruct you that the contract of purchase was disaffirmed." Later in the charge the judge gave the following instruction: "So . . . if you find that the plaintiff and the witness Dunn were telling the truth when they said that they went over to Mr. Brown's house and they talked on his piazza about the month of January, 1922, and that the plaintiff said 'I was under age, and I want my money back, and the automobile is down there in the garage on River Street' and the defendant said, 'Nothing doing,' then the plaintiff is entitled to recover in this action."

The defendant excepted to the foregoing instructions, contending that, if the jury found that the conversation between the plaintiff and defendant occurred, it was still a question of fact for them to determine whether what was said amounted to a disaffirmance of the contract. We cannot agree with this contention. It was not necessary, in order to avoid the contract, that the plaintiff should state that he "disaffirmed" the contract, nor was it necessary for him to say to the defendant that he made "demand" for the return of the amount paid. A minor, in order to avoid a contract,

is not obliged to use any particular words or perform any specific acts. Any acts or words showing unequivocally a repudiation of the contract are sufficient to avoid it. If, as the jury could have found, the plaintiff told the defendant he was under age when he bought the automobile and he wanted his money back, and he informed the defendant where possession of the automobile could be obtained, there was a sufficient disaffirmance and repudiation of the contract to entitle him to a return of the consideration paid. If, as the jury must have found, the conversation between the plaintiff and the defendant was substantially as testified to by the plaintiff, then the question whether there was a disaffirmance of the contract became a question of law, and the jury were required to return a verdict for the plaintiff and they were so instructed. In other words, the jury could have found that the conversation was substantially as testified to by the plaintiff, and therefore the defendant was not entitled to have the jury decide as a question of fact whether or not the conversation amounted to a disaffirmance of the contract.

It is not argued that the automobile and its use came under the head of necessaries.

As was said in *Gillis* v. *Goodwin*, 180 Mass. 140, "Whatever may be the law elsewhere . . . it is settled in this State that a minor can avoid a contract like that in this case, and is not obliged to put the other party *in statu quo* or allow anything for the rent and use of the property while in his possession." See also *McCarthy* v. *Henderson*, 138 Mass. 310; *Benson* v. *Tucker*, 212 Mass. 60, 62; *Smith* v. *Equitable Co-operative Bank*, 219 Mass. 382, 385.

As no error of law appears in the instructions, the entry must be

*Exception overruled.*
*Judgment for the plaintiff on the verdict.*