L. P. HOLLANDER COMPANY *vs.* WILLIAM H. PORTER.

Norfolk.   April 3, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Minor*, Guardian.

If a guardian of a minor is at all times willing to supply his ward with necessaries, the ward cannot be made liable for articles of clothing, which, while reasonably necessary for the ward, were furnished on the ward's order without the knowledge or approval of the guardian.

CONTRACT for necessaries alleged to have been furnished to the defendant, a minor.  Writ in the Municipal Court of Brookline dated February 28, 1927.

Material facts appearing at the trial in the Municipal Court are stated in the opinion.  The trial judge found for the plaintiff in the sum of $138.65, and reported the action to the Appellate Division for the Southern District, who directed that the following entry be made: "Judgment reversed and judgment ordered for the defendant."  The plaintiff appealed.

*J. B. Zuckernik*, for the plaintiff.

*A. C. Blake*, for the defendant.

SANDERSON, J.   This is an action of contract brought to recover for clothing furnished between June 4 and October 2, 1925, to the defendant, a boy fourteen years of age, who had an estate of about $40,000 and was also entitled to an income of about $10,000 a year under a trust established by will. In the Municipal Court of Brookline the trial judge made certain rulings and found for the plaintiff.  This decision was reversed by the Appellate Division and judgment was ordered for the defendant.  From this order the plaintiff appealed.

The defendant's father had died and his mother was married again.   In February, 1917, a guardian was appointed who also acted as guardian *ad litem* for the defendant in this action.   On July 26, 1925, the Probate Court for the county

of Norfolk ordered that custody of the defendant be given to his mother and also that the guardian pay her $300 a month for the support of the defendant and his sister. All the transactions included in the declaration, except one for which the charge was $12.50, took place after these orders of the Probate Court were entered.

In 1914 the plaintiff had a running account with the defendant's father. Afterwards the charges were made to the "Estate" of the defendant's father, and later to the guardian of the defendant and his sister. Before the period covered by the account in the case at bar, the guardian knew that the defendant had purchased clothing of the plaintiff, and he had paid bills for the same. All of the articles described in the declaration were needed and used by the defendant. During the period covered by the account, the guardian did not visit the boy at his home, which was with his mother, and did not furnish him with the same or similar clothing. The guardian made the payments to the defendant's mother in accordance with the order of the Probate Court made July 16, 1925, but she made no purchases of clothing for her son. The guardian, at all times covered by the declaration, was willing to furnish such or similar clothing if requested so to do. In January, 1922, the guardian notified the plaintiff that he would pay for goods furnished his ward if charged to him as guardian and asked that duplicate bills be sent him when goods were delivered. In October, 1923, he notified the plaintiff that the defendant, being a minor, could not be made responsible for anything sold to him, and requested that everything be billed to his guardian, and also stated that the mother was authorized to order appropriate things for the defendant. In March, 1924, the guardian by letter requested the plaintiff to furnish no more goods to the defendant's mother on the guardian's credit. The charges were all made after this notice was sent.

G. L. c. 201, § 38, requires a guardian to apply the ward's estate so far as it may be necessary to the comfortable and suitable maintenance and support of the ward and his family. See c. 209, § 32.

A minor whose guardian furnishes him with everything

suitable and essential to his comfort according to his condition in life cannot make a binding contract for such things. *Hoyt* v. *Casey,* 114 Mass. 397. *Trainer* v. *Trumbull,* 141 Mass. 527, 530. As a general rule a guardian is liable for the support of his ward whose father is dead. *Melanefy* v. *O'Driscoll,* 164 Mass. 422. If the guardian is at all times willing to supply his ward with necessaries, the ward cannot be made liable for articles of clothing, that may be reasonably necessary for the ward, which have been furnished on the ward's order without the knowledge or approval of the guardian. Goods supplied are not necessaries for which the minor is liable if he has a parent or guardian who was able and willing to supply them. *Hoyt* v. *Casey, supra.* When a father has the duty to support his child he has a right to determine what the character of that support shall be. In such a case if the child could bind his own estate for necessaries without consulting his father, the child instead of his father would determine the nature of the support. *Hoyt* v. *Casey, supra. Angel* v. *McLellan,* 16 Mass. 28, 31. The reason why ordinarily the person furnishing support or maintenance to a ward acquires no enforceable claim against the guardian or the ward's estate in guardian's hands, unless there is an express or implied agreement with the guardian therefor, was stated in *State* v. *Cook,* 34 N. C. 67, 68, in the following language: "The guardians for infants are presumed to furnish all necessaries, and a stranger, who furnishes board or any thing else, must, except under peculiar circumstances, take care to contract with the guardian; otherwise, the provision that guardians shall not, in their expenditures, exceed the income of wards, would be vain and nugatory."

The burden was on the plaintiff to show that the minor was destitute of the articles and had no way of getting them except by his own contract. *International Text Book Co.* v. *Connelly,* 206 N. Y. 188. For the reasons already stated the ward cannot be held liable for the clothing furnished by the plaintiff.

*Order of Appellate Division affirmed.*