Morton, J.
This is an action of contract to recover expenses incurred by the plaintiff for medical treatment, hos- *462 pita! care, and X-Rays in behalf of his minor son, in consequence of injuries sustained in an automobile accident.
It appeared in evidence that some time prior to the bringing of this action, the aforesaid minor, through this plaintiff as father and next friend, brought an action against this defendant to recover damages for the personal injuries sustained by the minor in the accident above referred to. That case was tried, and, during the course of the trial, answers to interrogatories were introduced in evidence in which in answer to an interrogatory asking for a statement of all monetary loss sustained by the plaintiff, the reply was made:
“As all bills are paid by the father of the plaintiff, the plaintiff does not claim monetary loss.”
It further appeared in evidence in that action upon cross examination of a physician called as a witness by the plaintiff, that the costs of medical attendance and the hospital bill, including X-Rays, was $105. In that action the court found for the plaintiff, and assessed damages of $400. After satisfaction in full of the execution issued in the prior case, this action was instituted.
In the instant case the court finds that the minor son of the plaintiff was in the exercise of due care, and was injured in consequence of the negligence of the defendant, and that the plaintiff would be able to recover in this action except for the fact that the court included in the amount of damages in the other action the items of recovery sought in this action, and in consequence thereof found for the defendant.
The plaintiff filed six requests for rulings, the first five of which were allowed and the sixth denied. The sixth is as follows:
“6. On all the evidence the plaintiff is entitled to recover in this action.”
*463 The right of a parent to recover expenses incurred in behalf of a child injured in consequence of the negligence of a third party is separate and distinct from the right of the child to recover for the personal injuries suffered in consequence of such negligence. In Thibeault v. Poole, 283 Mass. 480 the court, in reference to the right of a wife to recover damages for injuries to herself, and the husband to recover consequential damages, says at page 484:
“The right of the husband to recover such expenses is independent of the wife, and a judgment either way in an earlier action by the wife does not aid or bar the husband in a later- action. The same principle applies in general to an action by a father to recover expenses incurred by him in the care of his minor child injured through the tortious act of a third person. The action for personal injuries belongs to the child, but the action for consequential damages to the parent.”
In the instant case no facts are disclosed which would entitle the minor to recover for the expenses incurred in his care, and made necessary as a result of the accident because there is no evidence that the minor himself entered into any obligation to pay such expenses, and, even though such expenses might be regarded as necessaries, there can be no recovery upon an implied contract, in the absence of ■ evidence that the minor was not living at home and being cared for by his parents. In Schaefer v. Schaefer, 255 Mass. 175 the court says at page 176:
“If the defendant were an infant not living at home and cared for by his parents, had fallen into distress and was in immediate need of food, or suitable clothing, or proper shelter, an implied contract for payment by him to the person supplying his needs would be created.”
We think this principle would be applied as well to the necessity for medical care and attention, as to the need of food and clothing. It was, therefore, improper for the *464 trial court, in the prior action, to include in the amount of damages the items of expense for which recovery is sought in this action.
The issue, therefore, is whether the defendant, having already paid a sum on account of the expenses incurred in behalf of the minor son of the defendant, can, or should be, called upon to pay such amount a second time. The trial court found for the defendant, apparently on equitable principles, and we think this was correct, although we can find no case in which this precise issue has been decided. Statements, however, appear in certain opinions of our Supreme Judicial Court of sufficient pertinence to the issue now before us to lead us to uphold the finding and ruling of the trial court. For instance, in King v. Viscoloid Company, 219 Mass. 420, a mother sought to recover for medical and other expenses incurred in caring for her minor son who was injured in the course of his employment, and had recovered under the Workmen’s Compensation Act, so called. After deciding that the mother was not barred from recovery by the act, the court says at page 423:
‘ ‘ Our decision does not apply to cases where the parent has received any benefit or compensation under the act. Nor do we decide that the plaintiff could recover for medical expenses which had been paid by the insurer, or for her son’s ¡services, so far as she had received, or was entitled and able to obtain for such services, the amounts paid therefor to him through his next friend by the insurer.’’’
In Horgan v. Pacific Mills, 158 Mass. 402, a mother sued to recover for loss of services of a minor and for expenses incurred in her care. It was agreed in that case that, in a prior suit by the daughter, no claim was made for expenses or loss of services. The court, after deciding that the mother, a widow, could recover, says at page 404:
*465 ‘ ‘ Of course there should not he a double recovery, but if the expenses are not incurred on the credit of the child, but on that of the mother, and if the child, while living with the mother, is not entitled to its own earnings, so that the loss of service is not the child’s loss hut the mother’s, these items of damage should not be included in the damages recovered by the child, but in those recovered by the mother. ’ ’
In Cassidy v. Constantine, 269 Mass. 56, the court, in deciding upon the issue as to the proper party to recover for future probable medical expenses, says at page 59:
“Of course there cannot be a double recovery."’
We think that, in the case of Horgan v. Pacific Mills cited above, if the daughter had actually recovered in her action for expenses that the mother would not have been allowed to recover therefor in the second action. We are, therefore, of the opinion that the trial court was correct in its disposition of the requests for rulings, and in finding for the defendant, and in consequence thereof an ordei will be entered dismissing the report.