Robbins, J.
This is an action of contract in which the plaintiff, by his next friend, seeks to recover for work and labor.
The declaration states that the plaintiff is a minor and is in three counts; Count 1 being on a common count for work done at the request of the defendant, Count 2 being on an account annexed and Count 3 being on a written contract.
The answer is a general denial, payment, a denial that she ever engaged the plaintiff either personally or by agent to perform the work or labor set forth in the declaration, a denial that she ever entered into any contract, either personally or by agent, with the plaintiff and that if there ever was any contract that a breach of the condition- and covenants was first made by the plaintiff.
At the trial and before evidence was introduced the defendant requested the plainitff to elect between the count based on the express contract and the count based upon *318 the quantum, meruit. The plaintiff refused to do so but insisted on proceeding upon all counts. The court did not rule on this matter.
It was agreed that the plaintiff, at all times involved herein, was a minor.
The evidence was contradictory but it tended to show that Frank Micelotti approached the plaintiff, a carpenter, with reference to the latter doing some work in connection with the remodelling of a house in Milford, Massachusetts. The plaintiff looked over the house, the plan and specifications and executed the contract, a copy of which is attached. By this contract he was to furnish labor only. Work was begun December 7,1937. The plaintiff employed his father, uncle and a laborer to assist him in the work. At the end of the first week of work, December 11, 1937, Frank Micelotti gave the plaintiff a check for $10.00 in payment of the amount then due under the contract. Nb payment was made at the end of the second week as called for by the contract. On December 24,1937 a payment of $10:00 was made. Disagreements arose between the plaintiff and Frank Micelotti regarding what work was called for by the contract, the character of the work performed and payments to be made. These disagreements culminated on December 30, 1937. At this time the plaintiff requested Frank Micelotti to prepare a check for the payment of the $10.00 (due January 1, 1938). The latter refused to do so or to make any further payment unless the plaintiff would do certain work, which the plaintiff claimed was not called for by the contract. There was evidence that the plaintiff stated that he would not further perform the work as he took the job at too low a price and was losing money. The plaintiff and his workmen stopped work December 30, 1937, took their tools away and did nothing further on this contract. Frank Micelotti, the husband of the defendant, gave to the defend *319 ant the money with which the house was purchased. The defendant was the record owner thereof. The plaintiff dealt with Frank Micelotti only in the transactions leading up to the execution of the express contract and the latter was in active management of the work as it progressed. The defendant knew that the work was to he done. She lived in the house next to the one under repair. She was seen by the workmen. She talked with the plaintiff’s father and asked how the work was getting on. The plaintiff testified that he had no conversation with the defendant but immediately thereafter testified “she asked us once how it was getting on and how long it would take”. The defendant exercised no oversight or superintendence of the work. At no time did she make any objection to the work being performed. There was no substantial performance of the contract. There was some evidence with reference to the probable cost of completing the work. The defendant did not appear at the trial and did not testify.
At the close of the trial, each party presented certain requests for rulings. The plaintiff’s fourth request was as follows:
“An infant is not bound by his contract to labor, and if he leaves before the work is done, he may nevertheless recover on a quantum meruit for services rendered. 2 Pickering 332, 19 Pickering 572.”
This request was given.
The defendant’s fifth request was as follows:
“The plaintiff, a minor, not having elected to avoid his contract is bound thereby.”
This request was denied.
These two rulings made by the trial court dealing with the nature of an infant’s contract and the infant’s rights of avoidance, are the basis of much of the argument made before us.
*320 The rule undoubtedly is that a contract of a minor is voidable, but not void. Thompson v. Hamilton, 12 Pick. 424, 428.
An infant may, upon coming of age, avoid a contract made by him while still a minor; Moses v. Stevens, 2 Pick. 332, 336, but he can, while still a minor, avoid his contract and, in the name of his friend, bring suit for work dope. Vent, p. p. a. v. Osgood, 19 Pick. 572.
No particular words are necessary to disaffirm or avoid a contract. Tracy v. Brown, 265 Mass. 163.
In the cases of Moses v. Stevens and Vent, p. p. a. v. Osgood, cited above, the infant contracted to do certain work, but left his contract and recovered for work done on a quantum meruit, the court, in each case, holding that the contract was avoided.
In the case at bar, the minor left the job which he had contracted to perform, and brought suit in the name of his next friend. His declaration, however, set forth his cause of action in two ways, first, as a quantum meruit, and second, as based upon the contract. Furthermore, at the trial, he did not elect whether to stand on his contract or on quantum meruit, but tried his case on all counts. We are of the opinion that the plaintiff’s failure to waive his count based on the contract and leaving to the trial judge the question of whether or not he could recover on that count, showed clearly that he did not intend to avoid his contract. This being so, the Trial Judge did not instruct himself fully or properly under the rulings relative to the plaintiff’s fourth request and the defendant’s fifth request.
Inasmuch as we are ordering a new trial for the above reason, we do not consider the other grievances claimed by the appellant, although we have noted no other errors. Neither do we pass upon the question of whether the refusal to elect upon request amounted to a waiver of the *321 right to avoid the contract. At the new trial this question of law may be raised by counsel for the defendant, if he deems it proper, by presenting to the Trial Judge a clear and appropriate request for a ruling.