*Northern District*

No. 5392

**TALLY'S AUTO SALES, INC.**

v.

**ARNOLD ELLIS**

(June 10, 1960)

*Present:* Eno, J. (Presiding), Brooks, and Northrup, JJ.

Case tried to *Harrington, J.* in the District Court of Eastern Essex. No. 15180 of 1959.

*Northrup, J.*   This is an action of contract brought by writ dated November 4, 1959, wherein the plaintiff seeks to recover a balance of $306.24 for repairs made to the defendant's motor vehicle on various occasions between January 4, and October 4, 1958. The defendant's answer consists of a general denial, an allegation of improper workmanship, and a denial of liability on the grounds that the defendant was a minor at the time the repairs were made.

At the trial the parties agreed that, except for one item of $58.24 under date of Sept. 7, 1958, the account annexed to the plaintiff's declaration was an accurate statement of the materials and labor furnished by the plaintiff to the defendant and that the only other issue to be determined was that of the defendant's minority and the effect of the same upon his liability to the plaintiff.

*At the trial there was evidence tending to show that* the defendant was born on January 27, 1938 and that he was brought up by his grandmother and lived with her until sometime in 1958 when he went to live with his parents; that he was employed in Boston and that from his earnings he paid his parents for his board and room and also contributed to the support of his grandmother; that the remainder of his earnings he retained as his own.

The repairs for which the plaintiff sought to recover, were made to a 1956 Lincoln two-door coupe which was owned by the defendant. The defendant lived in Gloucester and

worked in Boston. The defendant "needed the motor vehicle and used it to travel from Gloucester to his place of employment and back."

The plaintiff duly filed the following requests for rulings:

"1. The evidence warrants a finding for the plaintiff."

"2. An infant upon attaining his majority may ratify a contract by selling or using the property received by him under contract."

The trial court denied the plaintiff's first request and allowed the second request qualifying his ruling, however, with the statement that it was not applicable to the facts found. The court also made the following findings of fact:

"I find that the plaintiff dealt with the defendant with the knowledge that said defendant was a minor."

"I find nothing in the words or actions of the defendant which amount to ratification after he had attained his majority."

"I find for the defendant."

The plaintiff's sole claim of aggrievement is to the trial court's denial of his first request. The legal effect of a trial court's denial of a request of this nature to wit; that the evidence warrants a finding, was first passed upon by our Supreme Judicial Court in *Bresnick v. Heath,* 292 Mass. 293 and the principles of law therein established have since been repeatedly affirmed in numerous cases including the following: *Aronson v. Sol. & S. Marcus Co.,* 292 Mass. 389, 394; *Forbes*

*v. Gordon & Gerber, Inc.,* 298 Mass. 91, 94-95; *Strong v. Haverhill Electric Company,* 299 Mass. 455, 456. The request for ruling in *Bresnick v. Heath supra* was, in legal effect, identical with that of the plaintiff's first request in the case at bar. In that case the court said at page 298:

> "The denial of request 7 involved a ruling as matter of law that there was no evidence to warrant recovery by the plaintiff . . . The request was not a request that as matter of law the plaintiff was entitled to recover . . . The plaintiff was seeking a ruling that there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or to a statement of findings of facts showing that the requested ruling had become irrelevant."

Under the foregoing principles of law it follows that, if in the case at bar, there was any evidence which would have warranted the court in making a finding for the plaintiff, it was error for the trial court to deny the plaintiff's request unless the trial court's findings of fact showed that the request for ruling, by reason of such findings, had become irrelevant.

It is incumbent upon us therefore to determine from an examination of the report whether or not any evidence was introduced at the trial which, upon any theory of law, would have warranted a finding for the plaintiff. This necessarily requires an examination of the pertinent principles of law governing the contractual liability of a minor. Fortunately these principles are well settled and may be summarized as follows:

1. Contracts made by a minor are not void but are voidable only. As such, they may be disaffirmed by the minor, but until disaffirmance they are legally binding agreements. *Mansfield v. Gordon,* 144 Mass. 168, 169.

2. The legal effect of disaffirmance of a contract by a minor renders the contract void ab initio and the minor is entitled to recover all considerations paid by him without deduction. In other words, the right of a minor to disaffirm a contract does not depend upon his putting the other party in status quo. Nor is he legally liable in contract for any loss, damages or depreciation which the other party to the contract may have suffered. *Mansfield v. Gordon, Supra; White v. New Bedford Cotton Waster Corp.,* 178 Mass. 20; *Gillis v. Goodwin,* 180 Mass. 140; *Moskow v. Marshall,* 271 Mass. 302; *Rothberg v. Schmiedeskamp,* 334 Mass. 172.

3. Disaffirmance of a contract by a minor may result from any acts or words showing unequivocally a repudiation of the contract. *Tracey v. Brown,* 265 Mass. 163, 165.

4. Conversely a minor upon attaining his majority may ratify any contract made by him during his minority and liability may result from any words or acts indicating his intention of being bound by the terms of the same. *Chamberlain v. Employers' Lia. Assurance Corp.,* 289 Mass. 412.

5. The right of a minor to disaffirm his

contract extends even to one for necessaries if the minor has a parent, guardian or other person ready and willing to furnish the same. Under such circumstances, the articles or services furnished the minor are considered to be not necessaries. *Belluci v. Foss,* 244 Mass. 401, 403; *L. P. Hollander v. Porter,* 267 Mass. 378, 380; *Hoyt v. Casey,* 114 Mass. 397. However if the minor has no parent or guardian or other person supporting him he is liable in contract for necessaries furnished to him even without an express promise to pay. *Trainer v. Trumbull,* 141 Mass. 527.

6. As to what are necessaries the court said in *Moskow v. Marshall,* 271 Mass. 302, 305:

"The term 'necessaries' is a flexible, and not an absolute term, having relation to the infant's condition in life, to the habits, and pursuits of the place in which, and the people among whom he lives, and to the changes in those habits and pursuits occurring in the progress of society. *Breed v. Judd,* 1 Gray 455, 458."

See also: *Adamowski v. Curtiss Wright Flying Service,* 300 Mass. 281; *Knudson v. Gen. Motorcycle Co.,* 230 Mass. 54; *Bellucci v. Foss,* 244 Mass. 401.

7. The question of what are "necessaries" is usually a question of fact and not a question of law. In *Bellucci v. Foss, Supra* at 403, the court said:
"Whether the articles sued for are necessaries is generally a question of fact, depending not merely on their nature but

upon the issue whether they are proper and suitable, according to the circumstances and his condition of life."

Summarizing the foreging principles of law, there are two theories of recovery against a minor in an action of contract, to wit; (1) where the property and service furnished are necessaries and (2) where there has been a ratification of the contract by the minor after attaining his majority.

In the case at bar the trial court found as a fact that there was no ratification of the contract and such a finding, warranted as it is by the evidence, is not subject to review by this court. *Dillon v. Town of Framingham,* 288 Mass. 511, 513; *Dolham v. Peterson,* 297 Mass. 479, 481; *James B. Rendle Co. v. Conley & Daggett Inc.,* 313 Mass. 712. However, the trial court made no findings of fact on the question of necessaries, with the result that the plaintiff's first request became relevant and material. Having in mind therefore, the principle of a minor's liability for necessaries, it follows, that if there was any evidence in the case at bar which would have warranted a finding that the labor and materials furnished by the plaintiff were necessaries, available to the defendant only through his own resources, the plaintiff's said request should have been granted.

After careful examination of the summary of the evidence set forth in the report, we are of the opinion that there was evidence warranting such a finding. The defendant was wholly self-supporting and economically

independent. He not only paid his parents for his board and room but also contributed to the support of his grandmother. Certainly if the defendant could incur liability for necessaries under a contract with his parents (board and room) he certainly could contract for other necessaries with other persons. It would be specious to argue otherwise.

On this issue the words of the court in *Trainer v. Trumbull, supra,* 530 are peculiarly applicable to the facts in the case at bar. There the court said:

". . . the mere fact that an infant, as in this case, had a father, mother, and guardian, no one of whom did anything toward his care or support, does not prevent his being bound to pay for that which was actually necessary for him when furnished."

A finding that the defendant in the case at bar could incur personal liability for necessaries was not only warranted by the evidence but might almost be said to be required as a matter of law.

The only remaining issue before us therefore, is whether or not there was evidence warranting a finding that the labor and materials furnished the defendant were in fact necessaries. On this issue the report shows that the defendant was employed in Boston and lived in Gloucester and it specifically states that "he needed the motor vehicle and used it to travel from Gloucester to his place of employment and back." Upon these facts it could not be ruled as a matter of law, as the trial court did by denying the plaintiff's first request, that the motor vehicle and the

repairs required to keep it in running condition were not necessaries. In *Knudson v. Gen. Motorcycle Co.,* 230 Mass. 54 the court held that the question of whether a motorcycle is a necessity or not was a question of fact, and in *Tracey v. Brown, Supra* at 65 there is a strong intimation to the same effect with respect to an automobile.

In conclusion, it is our opinion therefore, that since there was evidence upon which the trial court, in the case at bar, might have found that the repairs to the defendant's motor vehicle were necessities, a finding for the plaintiff was warranted and the denial of the plaintiff's request to that effect was prejudicial error.

The finding for the defendant is therefore vacated and a new trial ordered.

Louis Albert of Gloucester, for the Plaintiff.