## Western District

### WARNER BROS., INC.
### v.
### GEORGE M. BARTLETT

*Present*: Garvey, P. J. & Hobson, J.

Case tried to *O'Connor, J.* in the District Court of Hampshire. No. 5861.

Argued: April 27, 1962—Decided: June, 1962

*Garvey, J.* In this action of contract there was a finding for the plaintiff. The defendant who pleaded he was an infant at the time of the transaction, claims to be aggrieved by the allowance of the plaintiff's request that "the evidence warrants a finding for the plaintiff". Challenged are the findings by the trial judge, that the defendant upon reaching his majority did not disaffirm the contract, and that the work done was for necessaries.

*The material evidence on these issues shows that* the plaintiff was born on October 6, 1939. On July 18, 1958, when he was eighteen years of age, he entered the transaction in issue. At this time he was married, living with his wife, and was the owner and operator, upon

premises owned by his mother, of a drive-in restaurant situated in West Hatfield, Massachusetts. This business provided his only source of income from which he supported himself and his wife.

Prior to July 18, 1958, the area used for customer parking of motor vehicles and the approaches to the restaurant consisted of a gravel surface. On that date he engaged the plaintiff to install a bituminous concrete surface on this area for which he agreed to pay $1,020.00. The work was done by the plaintiff in a good and workmanlike manner. The only payment made by the defendant was $150.00 on July 30, 1958. In June of 1959 he promised an attorney acting for the plaintiff to make payments on the balance.

There was no evidenc that he ever disaffirmed this obligation when he reached his majority or in any manner, other than the plea of infancy, repudiated his contract. He was twenty years of age when this action was commenced and he filed his answer. The case was tried shortly after he attained age 21.

The trial judge made the following findings of facts:

"I find that defendant entered into a contract with the plaintiff when he was an infant and upon his attaining majority he neither disaffirmed nor repudiated this contract."

"I find that the services rendered to the defendant by the plaintiff were essential to the proper conduct of his business and therefore a necessary

adjunct to the defendant's condition in life and his circumstances."

"I find that the defendant is liable to the plaintiff for necessaries furnished to him by the plaintiff."
"I find for the plaintiff and assess damages in the sum of $937.42."

It is apparent from the report the only issue in dispute at the trial was the legal effect of the defendant's infancy. Under the familiar rule these findings must be upheld unless they are plainly wrong. "Any acts or words showing unequivocally a repudiation of the contract are sufficient to avoid it" and on these facts "whether there was a disaffirmance of the contract became a question of law". *Tracy v. Brown,* 265 Mass. 163, 165. "As the defendant was a minor his contract with Ferber was voidable and could be avoided or disaffirmed by him during his infancy." *Rothberg v. Schmiedeskamp,* 334 Mass. 172, 175. It was held in *Freeman v. Nichols,* 138 Mass. 313, that pleading infancy in an answer filed before the defendant became of age, as was done in the instant case, was a disaffirmance of the contract. See also *Welch v. King,* 279 Mass. 445, 452. Nothing further was required of him. It was not necessary to also disaffirm when he attained age 21. The defendant's promise to pay the balance due the plaintiff while still a minor is of no consequence. The judge's finding of no disaffirmance was not justified on the evidence as a matter of law.

A minor in some instances may be liable on contracts for necessaries. Necessaries are for the personal well being of the infant and in general, consist of food, clothing, shelter, medical attention and education. The work performed by the plaintiff here is not in any of these categories. The term "necessary" is a flexible and not an absolute term, *Moscow v. Marshall,* 271 Mass. 302, 305, and the question of what are necessaries is usually a question of fact and not of law, *Bellucci v. Foss,* 244 Mass. 401, 403. But on the facts in the instant case, it is a question of law. It was held, as a matter of law, where infancy of one of the parties was in issue, that the keep of four horses owned by one engaged in the business of a hackman, *Merriam v. Cunningham,* 11 Cush. 40, 44; the purchase of a motorcycle, *Knudson v. General Motorcycle Sales Co. Inc.,* 230 Mass. 54; the purchase of a vehicle to be used in business, *McCarthy v. Henderson,* 138 Mass. 310, 312; the purchase of a barber shop, barber chair and other articles of furniture to be used in furnishing a barber shop, *Ryan v. Smith,* 165 Mass. 303; and for repairs to a house, *Tupper v. Caldwell,* 12 Met. 559, were not for necessaries.

"The law does not contemplate that a minor shall open a shop and become a trader, or the proprietor of a business which involves the making of a variety of contracts," *Ryan v. Smith,* 165 Mass. 303, and "the law still guards the interest of minors against their own assumed improvidence and want of sound

judgment." *Adamowski v. Curtiss-Wright Flying Service, Inc.,* 300 Mass. 281, 283; *Frye v. Yasi,* 327 Mass. 724, 728. The finding that the work performed by the plaintiff was for necessaries is not supported by the evidence.

The finding for the plaintiff is to be vacated and judgment entered for the defendant.

H. Barger, of Holyoke, for the Plaintiff.
P. Ford, of Amherst, for the Defendant.