J.J. FINN ELECTRICAL SERVICE, INC. *vs.* P & H GENERAL CONTRACTORS, INC. & another; METROPOLITAN DISTRICT COMMISSION, third-party defendant.  March 9, 1982.  This is a claim brought by an electrical sub-contractor (Finn) against the general contractor (P & H), and its surety (United States Fidelity and Guaranty Company), to collect monies allegedly unlawfully withheld under Finn's subcontract to perform certain electrical work on the renovation of a public arena in Revere.  The defendants brought a third-party complaint for indemnification against the Metropolitan District Commission (MDC).  The plaintiff then moved for summary judgment against both defendants and a special master recommended that the motion be allowed.  A judge of the Superior Court, after consideration of the master's report and "personal examination of the file," found that a genuine issue of material fact did not exist and allowed the motion.  The judge then properly certified the immediate entry of judgment against both defendants for the full amount claimed with interest, legal fees, and costs.  See Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974); *Stock* v. *Fife, ante* 75, 76 n.2 (1982).  The defendants appealed. There was no error.

1.  The dispute between Finn and P & H concerned Finn's obligations under its subcontract to perform certain work in connection with the refrigeration control wiring.  As required by the contract documents, the dispute was referred to the MDC's project engineer, who found (first orally and later in writing) that the work in question was not Finn's responsibility, but that of P & H.  The provision for referring disputes to the engineer gave him broad powers to decide "all questions . . . as to the performance . . . of the several kinds of work to be done under [the] contract, and [to] decide all questions . . . as to the interpretation of the . . . specifications."  The engineer's determination of any dispute within that scope was to be "final."  In these circumstances, it is clear that a court must uphold the engineer's decision unless that decision (in so far as material here) was arbitrary or capricious, unsupported by substantial evidence, or based upon an error of law.  G. L. c. 30, § 39J.  See *Benjamin Foster Co.* v. *Commonwealth,* 318 Mass. 190, 208-209 (1945); *Hampden*

*Cornice Works, Inc.* v. *Leo Spear Constr. Co.*, 348 Mass. 798, 799 (1965). Cf. *G.L. Rugo & Sons* v. *Lexington*, 338 Mass. 746, 751 (1959).

The contract documents did not specify any particular subcontractor as having responsibility for disconnecting the refrigeration control wiring. Thus, in effect, that matter was left for resolution by the engineer. Viewed against the materials submitted on the motion for summary judgment, the engineer's decision raised only questions of law for the court. Based on the case law cited above, the judge could properly have concluded (a) that the decision was not rendered arbitrary solely by reason of the lapse of time in the issuance of the engineer's formal written opinion (which was apparently communicated orally to the parties at the job site shortly after it was requested); (b) that the engineer had given appropriate consideration to the requirements of both addenda to the contract; (c) that the engineer properly relied on the uncontroverted evidence of custom in the electrical trade, which indicated that the work was not Finn's responsibility, in interpreting that part of addendum 2 which made the electrical subcontractor "responsible for those fixtures that normally are part of [its] trade" (see *Berwick & Smith Co.* v. *Salem Press, Inc.*, 331 Mass. 196, 198 [1954], and cases cited; *Limbach Co.* v. *George B.H. MacComber Co.*, 357 Mass. 475, 479-480 [1970]); (d) that the engineer's decision was, as a result, supported by substantial evidence; and (e) that the defendants' "verbal recitation of opposing interpretations" in their affidavit "[did not] raise a question of material fact." *Industrial Engr. & Metal Fabricators, Inc.* v. *Fontaine Bros.*, 2 Mass. App. Ct. 695, 697 (1974), and cases cited. The defendants' remaining arguments, which seek to postulate triable issues as to the meaning of the contract, have each been considered, and we find them to be without merit.

2. There was no genuine issue of material fact as to whether Finn's claim was brought within the time period specified in the second paragraph of G. L. c. 149, § 29, as appearing in St. 1972, c. 774, § 5. The statement in the sixteenth paragraph of the affidavit of P & H's treasurer indicates on its face that it was not made on the affiant's own knowledge. See *Great Barrington Sav. Bank* v. *Gens*, 8 Mass. App. Ct. 942, 943 (1979). Moreover, the document upon which that statement depends could have been found deficient because it did not specifically contradict facts alleged in the affidavit of Finn's vice president which show that the claim was timely brought (see generally *A. John Cohen Ins. Agency, Inc.* v. *Middlesex Ins. Co.*, 8 Mass. App. Ct. 178, 182-183 [1979]), and because it was not shown that the document would be admissible in evidence. See Mass. R.Civ.P. 44(a), 365 Mass. 807 (1974). These considerations warranted a conclusion as matter of law that Finn had complied with all the applicable requirements of G. L. c. 149, § 29.

*Judgment affirmed.*

*Alan P. Gottlieb* for United States Fidelity & Guaranty Company & another.

*Sally A. Corwin* (*Carol Petsko* with her) for the plaintiff.