UNIVERSAL HEALTH SERVICES, INC. *vs.* WALTER J. CORCORAN & another.[1] No. 88-P-860. March 15, 1990. *Practice, Civil*, Summary judgment. *Contract*, With hospital, Implied.

The plaintiff, a hospital, rendered psychiatric services to the defendant Michael Corcoran and was paid a portion of its charges by Walter J. Corcoran, Michael's father, and by Walter's health insurer. The hospital sued

---

[1]Michael Corcoran.

Walter and Michael for the balance and moved for summary judgment. The father filed a cross-motion for summary judgment; the son did not. The judge ordered summary judgment for both father and son, and the hospital appealed.

1. In response to an interrogatory propounded by the hospital, the father alleged that he agreed to make his insurance available for the payment of the son's bills to the extent of the policy coverage. He denied that he otherwise undertook to pay from his own pocket. The hospital asserted in its complaint that he had so undertaken, but the complaint is unverified and so counts for nothing in the context of the motions for summary judgment. *Godbout* v. *Cousens*, 396 Mass. 254, 263 (1985). The patient accounts manager furnished an affidavit stating that the father had "made arrangements with our admission officer that he would pay for the hospital bill which was in excess of the coverage." No affidavit was provided by the admission officer, and the statement of the patient accounts manager was not shown to have been made on the basis of personal knowledge. See *Shapiro Equip. Corp.* v. *Morris & Son Constr. Corp.*, 369 Mass. 968, 968 (1976); *Dattoli* v. *Hale Hosp.*, 400 Mass. 175, 178-179 (1987); *Sweda Intl., Inc.* v. *Donut Maker, Inc.*, 13 Mass. App. Ct. 914, 914 (1982); *J.J. Finn Elec. Serv., Inc.* v. *P & H Gen. Contractors, Inc.*, 13 Mass. App. Ct. 973, 974 (1982). Thus, the father's version of his undertaking was uncontradicted by any contrary version of events cognizable on the father's motion for summary judgment. We note also that the son was not a minor. Contrast *Hoyt* v. *Casey*, 114 Mass. 397, 399 (1874)(stating rule that a father is liable for necessary professional services rendered to minor son residing at home); *Sciaraffa* v. *Debler*, 304 Mass. 240, 243 (1939)(same); *Detore* v. *Demers Bros.*, 312 Mass. 531, 533 (1942)(same).

2. The son was not entitled to summary judgment in his favor. His obligation to pay is not dependent on an express promise. "Ordinarily when one renders to another valuable service, the law will imply a promise to pay therefor by him for whom such service is rendered, and this upon the ground that as such party cannot infer service of this character to be gratuitous, it must be implied that he promised to pay for it. . . ." *Hoyt* v. *Casey*, *supra* at 399-400. See also *Schaefer* v. *Schaefer*, 255 Mass. 175, 176 (1926); *Stromsted* v. *St. Michael Hosp. of Franciscan Sisters*, 99 Wis.2d 136, 142-146 (1980)(noting that, absent express contract, hospital may recover value of services from patient on a quasi-contract theory); 1 A. Corbin, Contracts § 19A (Supp. 1989).

3. In a memorandum filed in the trial court, counsel for the son states that the defendants do not contest that the son "did enter into an agreement with the [p]laintiff to pay the charges imposed by the [p]laintiff for the services rendered to him. . . . Since Michael Corcoran was legally obligated to pay for his own treatment, a promise by Walter J. Corcoran to pay for such treatment must be in writing. . . ." On its face, this statement by counsel seems to concede Michael's liability. The statement, how-

ever, appears to contradict other statements made in the defendants' pleadings and in Michael's answers to interrogatories. This conflict should be resolved in the trial court, not on a motion for summary judgment. Compare *Junkins* v. *Slender Woman, Inc.*, 7 Mass. App. Ct. 878, 878 (1979). In any event, the concession on liability, if not inadvertent or improvident, would not preclude inquiry into the reasonableness of the charges. For these reasons we decline at this time to order judgment for the plaintiff against Michael.

The judgment is affirmed as to Walter J. Corcoran and reversed as to Michael Corcoran.

*So ordered.*

*Laurence S. Wolk* for the plaintiff.

*Alexander A. Padis, Jr.*, for the defendants.